## McDonald and Others *vs.* Watkins, Adm.

Permitting amendments is a power which should be exercised with great caution and delicacy, after the case has been disposed of, and the court has adjourned.

It is difficult to limit the discretion of the courts, as to amendments, within any certain or prescribed bounds.

Where the record of the circuit court expressly states that the parties came, by their attorneys, and the defendants, as well as the plaintiff, entered their waiver, &c., the record will not be so amended in this court, upon affidavits, as to strike out the appearance, nor the decision of the circuit court, refusing the amendment, reversed; especially where the party lay by for a year, without suggesting the error, knowing of the judgment.

This was an action of debt, determined in the Pulaski Circuit Court, in May, 1842, before the Hon. WILLIAM GILCHRIST, special judge. Watkins, as administrator, sued McDonald, Hempstead, and Conway, on a common money bond. The case first came before the Hon. JOHN J. CLENDENIN, the regular judge of the court; and the record, stating that he was connected with the plaintiff, and incompetent to sit, goes on to state, that the parties came, by their attorneys, and the said defendants, as well as the said plaintiff, entered their waiver of all objections to the judge sitting in the case. Their previous motion to quash the writ, was then overruled; Hempstead formally entered his appearance; and judgment went by default. This was on the 18th of March, 1841. On the 12th of March, 1842, Hempstead, in his proper person, and Conway, by attorney, filed their motion to amend the record; and the case was certified, that a special judge might be appointed. The ground of the motion was stated to be, that the attorneys who filed the motion to quash the writ, and who entered the waiver, did not represent Conway, and that he, neither

McDonald and others *vs.* Watkins, Adm.

in person or by attorney, had appeared in the case. The motion was supported by several affidavits, clearly sufficient to establish, as far as oral testimony could establish, the fact that Conway had never waived, in person, the objections to the judge, nor authorized any attorney to do it. Other affidavits seemed equally as clearly to establish that the counsel had waived it for Conway. On the motion to amend, the plaintiff introduced, as evidence, the defendants' objecting, an execution on the judgment, sheriff's return thereon, delivery bond, executed by Hempstead & Conway, appraisement of property levied on, &c. The motion to amend was overruled, and the defendants brought error; and in this court applied to be permitted to amend the record, by striking out the appearance and waiver by Conway.

*Hempstead & Johnson,* for plaintiffs in error. The consent of attorneys, supposing such consent to have been given, was not sufficient to waive the disqualification of the judge. The constitution declares that " no judge shall preside on the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by affinity or consanguinity within such degrees as may be prescribed by law, or in which he may have been of counsel, or have presided in any inferior court, except by consent of all the parties. *Const. Art.* 6, *sec.* 12. *Rev. St.* 233, *sec.* 24.

When this objection is made to a judge, it is in the nature of a plea to the jurisdiction, which must always be pleaded *in propria persona.* 1 *Chit. Plead.* 475. On the same principle, a disqualification in the judge must be waived *in person.*

If any judge has an interest, he or his deputy cannot hear the cause, or sit in court; and if he does, a prohibition goes. *Hard.* 503. *Com. Dig. title Justices,* J. 3.

When the disqualification is once admitted, or established, if he proceeds, what is done is *coram non judice. Blackmore et al. vs. State Bank,* 3 *Ark.* 309. *Brown vs. Fleming,* 3 *Ark.* 284.

It is conceived that in legal parlance, an appearance to an action, so as to warrant judgment by *nil dicit,* is properly filing a plea. If the judgment should not have been by default against all, it should have been so rendered against two of the defendants below. Stand-

ing by *nil dicit* against all, it deprives the plaintiffs in error of rights which they would possess under a judgment by default.  *Howell vs. Denniston,* 3 *Caines,* 96.

A judgment is certainly erroneous, when expressed to be for *all the costs;* for the plain meaning of the statute is, that it shall only be for all the plaintiff's or defendant's costs in the suit expended.  *Rev. St.* 201, *title Costs.  Hartley vs. Tunstall,* 3 *Ark.* 119.

The rule is, that where there is a clear mistake, or where there is fraud, the court will interfere by way of amendment, and do that equity which a party would be entitled to, on application to a court of chancery.  *Chamberlain vs. Crane,* 4 *New Hamp.* 115.  *Mechanics' Bank vs. Minthorne,* 19 *Johns. R.* 244.  *Wardell vs Eden,* 2 *Johns. Cases,* 121.  *Lansing vs. Lansing,* 18 *J. R.* 502.  1 *Saund.* 336, *n.* 10.  *Lee vs. Curtis,* 17 *J. R.* 36.  *Bank of Newburgh vs. Seymour,* 14 *J. R.* 218.  *Hart vs. Reynolds,* 3 *Cowen,* 42 *n.*  *Rees vs. Morgan,* 3 *T. R.* 349.  1 *Cowen,* 9.  *Short vs. Coffin,* 5 *Burr.* 2730.  *Green vs. Rennett,* 1 *T. R.* 656.  10 *Mass.* 251.  1 *Pick.* 353.

Amendments shall or shall not be permitted to be made, as it will best tend to the furtherance of justice; and they are made under the general authority of the court, not under the statute of jeofails.  *Phillips vs. Smith,* 1 *Stra.* 136.  *Rex vs. Phillips,* 1 *Burr.* 292.  *Rex vs. Ellames, Rep. Temp. Hard.* 42.  *Richards vs. Brown, Doug.* 114.  *The King vs. Mayor of Grampond,* 7 *T. R.* 699.  *Mara vs. Quin.* 6 *T. R.* 8.

Where there has been a mistake or omission by one of the attorneys or officers of the court, *e. g.* a clerk, it will be amended.  *Hardman vs. Pilkington,* 4 *Burr.* 2449.  *Baker vs. Cole,* 2 *Burr.* 1161.  *Close vs. Gillespey,* 3 *J. R.* 525.  In the case of *Muttit vs. Denny,* 2 *Strange,* 807, an amendment was made after verdict, though there was nothing to amend by, on the authority of *Cro. Jac.* 306, and 1 *Salk.* 4.

In *Foot vs. Colvin,* 2 *J. R.* 481, the omission of a fact, through mistake of counsel, was amended on affidavit.

In *Jason vs. Morgan,* 1 *Lev.* 150, an amendment was made in the record, after a lapse of forty years.

Mistakes and misprisions of the clerk may be amended at any time.

McDonald and others *vs.* Watkins, Adm.

*Hanley vs. Dewes,* 1 *Mo.* 17. · *Mitcheltree vs. Sparks,* 1 *Scam. Rep.* (*Illinois,*) 122.

- An appearance by an attorney of the court, without warrant, is good as to the court; and the defendant has an action against the attorney. *Aliter,* if there be any fraud or collusion between the plaintiff's attorney and the attorney for the defendant, or if the attorney for the defendant be not responsible, or perfectly competent to answer his assumed client, the court will relieve against the judgment. 6 *Mod. S. C.* 16. 1 *Salk.* 88. *Denton vs. Noyes,* 6 *Johns. Rep.* 295. *Meacham vs. Dudley,* 6 *Wend.* 514.

Amendments may be made in a verdict, from the memory of the judge. *Cro. Car.* 338. *Gilb. P. C.* 164. 1 *Bac. Abr.* 101. *Bul. N. P.* 326. *Barnes,* 6, 449. Or from the notes of the judge. 2 *Str.* 1197. 1 *Wils.* 33.. *Doug.* 376, 673, 722, 745. 3 *T. R.* 659, 749. *Barnes,* 478. 6 *T. R.* 694. Or by the notes of the associate, or clerk of assize. *Cro. Car.* 145. 1 *Salk.* 47-8. 1 *Ld. Raym.* 138. 1 *Salk.* 53. 1 *Ld. Raym.* 335. 1 *Barnard.* 191. 1 *Tidd,* 662.

While the proceedings are in paper, the amendment is at common law, and not within any of the statutes of amendments, which relate only to proceedings of record. 1 *Salk.* 47. 3 *Salk.* 31. 1 *Tidd,* 659.

Amendments are in all cases entirely in the discretion of the court, and are allowed only in furtherance of justice. 7 *T. R.* 699. 1 *Mass.* 50. 1 *Binn.* 369. 2 *Serg. & Rawle,* 219. 6 *Binn.* 88.

*Ashley & Watkins,* contra. The defendants in error refer the court to the following authorities, as bearing upon the question of amendment involved in this case: *Turner vs. Barnaby,* 2 *Salk.* 566. *Walker vs. Slackoe,* 5 *Mod.* 69. 1 *Salk.* 47. 3 *Salk.* 31. *Wentworth vs. Stafford,* 5 *Mod.* 148. 2 *Burr.* 756. 7 *T. R.* 475. 6 *T. R.* 1. *Wentworth vs. Stafford,* 1 *Ld. Raym.* 68. *Benton vs. Ames,* 1 *Bulstrode,* 217. *Smith vs. Jackson,* 1 *Paine,* 486. *Cooper vs. Bissell,* 15 *J. R.* 318. *Lee vs. Curtis,* 17 *J. R.* 86. *Close vs. Gillespey,* 3 *J. R.* 526. *Lansing vs. Lansing,* 18 *J. R.* 502. *Livingston vs. Rodgers,* 1 *Caines' Rep.* 587. *Hart vs. Reynolds,* 3 *Cow.* 42, *note a.* *Marsh vs. Berry,* 7 *Cow.* 344. 16 *J. R.* 55. 1 *Cow.* 132, (*relative*

to supplying amendments in ejectment, &c.) 9 Cow. 78. 19 J. R. 244. Currie vs. Henry, 3 J. R. 38. 3 J. R. 140. 9 J. R. 78, 287. Atkins et al. vs. Sawyer, 1 Pick. 354. 1 Mass. 51. 3 Pick. 401. Wells et al. vs. Battelle, 11 Mass. 477. Keans vs. Rankin, 2 Bibb. 88. McKey vs. Moore, 4 Bibb, 321. Varnon vs. Moore, 1 Mon. 214. Berry vs. Triplett's heirs, 2 Mar. 61. Robb vs. Robb, 2 Marsh. 240. 5 Marsh. 268. 1 Mon. 18. 7 Mon. 297. 1 J. J. Marsh. 365. 2 Marsh. 151. 2 Marsh. 375. Davis vs. Ballard, 7 Mon. 604. 2 Haywood, 376. 4 Har. & McHen. 498. ib. 163. State vs. Calhoun, 1 Dev. & Battle, 374. State vs. Reid, 1 Dev. & Battle, 377. Smith vs. Dudley, 2 Ark. 60. Rev. Stat. Ark. p. 634, sec. 112.

The court will find the following propositions to be deduced from the foregoing authorities:

First. That, in general, the record of a judgment is only amendable during the term at which it was rendered, and whilst the record is in fieri, or in the breast of the judge.

Second. That amendments, when allowed, are uniformly to support or sustain a judgment, but never to defeat or impair it.

Third. That in every case where an amendment has been allowed after the term has passed, it has been to supply some defect or omission, occasioned by the misprision of the clerk, attorney, or ministerial officer of the court, and which tends to perfect the record; but never in any instance to suffer an amendment which contradicts the record.

Fourth. That whenever a record is amended, there must be some other portion of the record to amend by; in other words, a record is amendable by its internal evidence; and no evidence of lesser grade, or dehors the record, is admissible to support an amendment changing, much less contradicting, the record.

In the present case, the record shows the simple naked fact, that the parties waived all exceptions to the judge of the court. There is no other portion of the record by which an amendment of that fact can be made.

I submit to the court, 1st: Whether the affidavits do not preponderate against the amendment sought for. 2d: Whether the presumption is not irresistible that the record is correct, or the defendants

McDonald and others *vs.* Watkins, Adm.

would not have acquiesced in it so long—during two terms, and after execution had been issued and levied. 3d: There is no affidavit, or showing of any meritorious defence, which Conway seeks to interpose.

If an attorney appears without authority, or compromits the rights of a party without being retained, the judgment in such case is regular, and will not be set aside, but the party injured will be left to his remedy against the attorney. *Denton vs. Noyes*, 6 *J. R.* 296. *Jackson vs. Stewart*, 6 *J. R.* 34. *Field vs. Gibbs et al.* 1 *Peters C. C. Rep.* 155. *Barron vs. Jones*, 1 *J. J. Marsh.* 471.

*By the Court,* DICKINSON J. This is an application to change and alter a record of the circuit court, by striking out, upon affidavit, the appearance of the defendants, and thereby, in effect, erasing the judgment of that court. We look upon the permitting of amendments, as a power which should be exercised with great caution and delicacy, after the case has been finally disposed of, and that court adjourned, lest in answering the substantial purposes of justice, it might lead to great mischief and injustice. It is not our intention to enter into a discussion of the doctrine of amendments; and indeed it is difficult to limit the discretion of the courts upon that subject within any certain or prescribed bounds. We certainly should not deem ourselves authorized to interfere with the record, in this instance, for in the entry preceding the judgment, it states affirmatively, " on this day, came the parties, by their attornies, and the said defendants, as well as the said plaintiff, entered their waiver of all exception" to the judge then sitting in the case.

In matters of doubt, all presumptions are in favor of the court below. Besides, it appears by the showing of the plaintiffs in error, that, with a knowledge of the judgment against them, nearly one year elapsed before there was even a suggestion of error in the entry.

Judgment affirmed.