Makepeace and Another *v.* Lukens.

put the case chiefly upon the last question. The matter now under consideration is very different.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*R. Hill* and *G. W. Richardson*, for appellant.

*W. Herod* and *W. W. Herod*, for appellees.

---

MAKEPEACE and Another *v.* LUKENS.

| 27 | 435 |
|---|---|
| 152 | 163 |
| 27 | 435 |
| 153 | 90 |

AMENDMENT OF RECORDS.—CLERICAL MISTAKES.—The only authority for the amendment of a record, after the proceedings have ceased to be *in fieri*, and after the term at which the record was made, is found in the statutes of 14 Edw. III. St., 1 c., 6, 9 Edw. V. St., 1 c. 4, and 8 Henry VI. c. 12, which are adopted as the law of this State. 1 G. & H., p. 415.

SAME.—Such amendments can only be allowed when there is some memorial paper, or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained or known. Thus, a subsequent paper, pleading or proceeding in the progress of the cause may be corrected by something in the record of prior date.

SAME.—A petition having been filed by a guardian for the sale of the real estate of his ward, appraisers were appointed, who reported an appraisement of the land. The record then shows a report by the guardian of a sale of the land, which the report recited to have been made in pursuance of the order of the court. The report was confirmed by the court, and the guardian was ordered to make a deed to the purchaser. At a subsequent term, an application was made, on notice and motion, for an entry, *nunc pro tunc*, of a formal order directing the sale of the land.

*Held*, that it was not necessary that the affidavits upon which the motion was based should be filed before the motion was made.

*Held*, also, that as the record failed to show that the additional bond, which the statute requires before a sale is ordered, was filed, an order of sale would have been irregular, and hence there was nothing in the prior proceedings authorizing the amendment asked.

APPEAL from the *Madison* Common Pleas.

RAY, J.—At the *January* term, 1859, of the Court of Common Pleas of *Madison* county, *Horace B. Makepeace*, as

the guardian of *Cassandra Makepeace*, filed his petition for the sale of certain land belonging to his ward, at private sale. The record of the proceedings shows the appointment of appraisers, and their report, appraising the land at twenty-four hundred dollars. Then follows a report of the sale, which recites that pursuant to an order of the court, made at that term, the said guardian did, on the 7th day of *January*, 1859, sell to the appellee the property described, for twenty-five hundred dollars, cash in hand, and he asks that the sale be confirmed and a deed ordered. The entry from the order book recites the appointment of *Horace B. Makepeace* as guardian of the said *Cassandra*, the filing of his bond as guardian, in the penal sum of five thousand dollars, the application for the sale, the appointment of appraisers, their report, and the guardian's report of the sale, and the record proceeds as follows: "And the court, having seen and inspected the same, and being well advised, now confirms the sale so made, and orders and directs said guardian to execute a conveyance to said purchaser for the premises so sold as aforesaid."

The proceedings in the case now before us were had upon a motion for an entry, *nunc pro tunc*, of a formal order directing the sale of the property. It is objected that a notice of the motion was served upon the appellants before any complaint was filed in court. The notice was sufficient. It was, that on the second day of the term the appellee would move the court to correct the record, stating the motion in full. At the time named, affidavits were filed and the motion made. The notice is to bring the party into court at the time of the motion, and there is no statute requiring the papers upon which the motion is based to be filed any special time preceding the date named for making the motion.

Upon the trial, the record, which it was sought to amend, was introduced in evidence, and, over the objection of the appellants, a witness was permitted to state that the statement contained in the report of the sale, viz., that the same

had been made pursuant to the order of the court, was true, and the court thereupon ordered the amendment to be made. From this order, an appeal is taken. The question presented is, whether the evidence before the court authorized the *nunc pro tunc* entry of the order for the sale of the land?

It was ruled by this court, in the case of *Jenkins et al.* v. *Long et al.*, 23 Ind. 460, that the authority to amend the record, after the proceedings have ceased to be *in fieri*, is founded upon the acts of Parliament on the subject of amendments, which are declared by statute to be in force in this State. To those acts we must look, in order to determine what evidence will be sufficient to authorize the amendment. At common law, it was held that the judges could not alter the proceedings after they had become a record, except during the same term of which the record was. The reason for this was, that during the whole term in which any judicial act is done, the record remains in the breast of the judges of the court, and therefore the roll is alterable during the term as they shall direct. But when the term is past, the roll is the record, and admits of no alteration. *Co. Litt.* 260. Subsequently it was permitted to amend, notwithstanding the record was made up and the term was past, considering the proceedings to be *in fieri* till judgment was given, but after judgment was entered, no amendment could be made at a subsequent term. 3 Black. Com., c. 25, § 4. To relieve from the rigor of this rule, it was enacted in the reign of EDWARD III, "that by the misprision of a clerk, in any place wheresoever it be, no process shall be annulled or discontinued by mistaking in writing one syllable or letter too much, or too little; but as soon as the mistake is perceived, by challenge of the party, or in other manner, it shall be amended in due form, without giving advantage to the party that challengeth the same, because of such misprision." 14 Edw. III, St. 1, c. 6. It being held by the courts that this statute related only to

proceedings before judgment, and there being much question as to the extent proper to carry it, the act of 9 Edw. V, St. 1, c. 4, after reciting the former statute, declared that "the king, considering the diversity of opinions which had been upon the said statute, and to put the thing in more open knowledge, had ordained, by authority of Parliament, that the justices before whom such plea or record is made, or shall be depending, as well by adjournment as by way of error, or otherwise, shall have power and authority to amend such record and process, as afore is said, according to the form of the same statute, as well after judgment in any such plea, record, or process given, as before judgment, as long as the same record and process is before them, in the same manner as the justices had · power to amend such record and process before judgment given, by force of the said statute EDWARD III." This statute, afterwards made perpetual, confined the amendment to a syllable or letter, but permitted it to be made after judgment.

By the 8 Henry VI, c. 12, it was enacted "that the king's judges of the courts and places in which any record, process, word, pleas, warrant of attorney, writ, panel, or return, which for the time shall be, shall have power to examine such records, processes, words, pleas, warrants of attorney, writs, panels or returns, by them and their clerks, and to reform and amend (in affirmance of the judgments of such records and processes) all that which to them, in their discretion, seemeth to be misprision of the clerks therein, except appeals, indictments of treason, and of felonies and outlawries, so that by such misprision of the clerk no judgment shall be reversed or annulled. And if any record, process, writ, warrant of attorney, return or panel be certified defective, otherwise than according to the writing, which thereof remaineth in the treasury, courts or places from whence they are certified, the parties, in affirmance of the judgments of such record and process, shall have advantage to allege that the same writing is variant

from the said certificate; and that found and certified, the same variance shall be by the said judges reformed and amended, according to the first writing."

Under the authority of these statutes, alone, can amendments be made of the record when the proceedings are no longer *in fieri* and the term is passed in which the record was made.

It will be observed that by these statutes the judges "have power to examine the records, processes, words, pleas, warrants of attorney, writs, panels or returns, by them and their clerks, and to reform and amend all that which to them, in their discretion, seemeth to be misprision of the clerks therein." It has accordingly been held that such amendment of the record cannot be made, unless there be something to amend by. Thus the original writ or bill is amendable by the instructions given to the officer; the declaration by the bill; the pleadings subsequent to the declaration by the paper book, or the draft under counsel's hand; the *nisi prius* roll by the plea roll; the verdict by the plea roll, memory or notes of the judge, or notes of the associate, or clerk of assize; and, if special, by the notes of counsel, or even by an affidavit of what was proved upon the trial; the judgment by the verdict; and the writ of execution by the judgment, or by the award of it on the roll, or by former process. 1 Tidd. 713.

In *Wynne* v. *Thomas*, Wille's R. 563, the lord chief justice stated the law thus: "The true rule is, that original writs may be amended by 8 H. 6, c. 12, where it is only the misprision and negligence of the clerk, but a mistake occasioned by the *nescience* or ignorance of the clerk is not amendable by that statute, nor any other mistake, where there is nothing to amend it by."

In Bacon's Abridgment, Title, Amendment (F), it is said: "In affirmance of the judgment, the judgment itself may be set right and amended by another part of the record, in a fact which appears to be the misprision or neglect of the

clerk, as in the mistake of the names of the parties." And again: "But if there be a mistake or errror in the judgment in any such matter in which the clerk has no such instructions, as if, before the 16th and 17th Car. 2, c. 8, a *capiatur* were entered for a *misericordia*, or *e converso*, this was error in the judgment, because before the statute it made a fine to the King and a difference in the execution, and there being no instructions in the record itself, or in the judgment book, whereby to amend it, it did not appear whether it was the error of the clerk in the entering, or of the court in giving the judgment, and therefore could not be amended. Palm. 98; Cro. Eliz. 497; Carthew 167.

In *King* v. *King*, 7 Mod. 250, it is said: "There are two rules by which we are to be governed; the one is, that no amendment in original writs can be made unless it be the misprision of the clerk; the other, that nothing can be amended unless there is something to do it by." *Ray, Adm'r*, v. *Lister*, Andrews 351.

The case of *Ellis et al.* v. *Ewbanks*, 3 Scam. 190, was where the error assigned arose out of the fact that the summons was dated "eighteen hundred and thirty." The record showed that the proceedings were commenced in 1839. The defendant in error moved to amend the record by adding the word, or syllable, "nine," to the word "thirty," alleging that it was omitted by the clerk through inadvertence. WILSON, Chief Justice, said: "The motion in this case must be overruled. Though it is probable that the clerk of the Circuit Court, by mistake, omitted the word 'nine' after the words 'eighteen hundred and thirty,' yet there is nothing appearing upon the record which can be regarded as evidence that such is the fact, so as to authorize this court to interfere."

Justice STORY, in *Albers et al.* v. *Whitney et al.*, 1 Story 310, states the practice of the *English* courts under the statutes of amendments, thus: "Judgments and records are there never allowed to be amended, except, in the first place,

where the case is within the reach of some statute, or, in the next place, where there is something to amend by, that is, where there is some memorial paper, or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known." In every case cited by Mr. Tidd, in his Practice, where amendments have been permitted under the *English* statutes, a subsequent paper, pleading, order or proceeding, in the progress of the case, has been corrected by something in the record or proceedings of prior, or at least equal, date, with the matter in which the error is sought to be amended. Thus, the original writ or bill may be amended by the written instructions given to the officer, (1 Ld. Raym. 564;) the declaration by the bill, (1 Str. 583;) the judgment by the verdict, (3 Durnf. & East 349; 11 Price 410; 3 Bing. 346;) and such would seem to be the proper practice. A cause proceeds according to fixed and formal rules; each successive step grows from and rests upon some precedent action, and should properly be tested by that which constitutes its immediate support. In the case before us, there is nothing preceding the order of sale, which it is sought to have entered, that implies that such an order was made. The petition for the sale and the appointment of the appraisers are steps required to be taken before such an order can be made. But they are not all the steps which the statute directs before the order of sale is made. Section eighteen of the "act touching the relation of guardian and ward," (2 G. & H. 571,) provides that after the appraisement of the real estate has been made, the court shall require the guardian to execute a bond for the faithful discharge of his duties, and the payment of all moneys arising from such sale, according to law. Now, no such bond was required from the guardian, and if an order of sale was made by the court it was irregular. We find nothing in the record authorizing us to determine that the court was chargeable with such irreg-

ularity.   We think, therefore, that the amendment should have been refused.

We have not considered the statutes of *jeofails*, which authorize the courts to disregard certain imperfections, omissions or defects in the record, for these statutes go to the question of the necessity of the amendment, a matter which is not presented by this record.   We are not called upon to determine whether a sale ordered by the court, under a petition and after appraisement of the real estate, would be void for the failure to require a new bond of the guardian. Nor do we pass upon the question whether the confirmation of the sale, where the original order to sell has been omitted, renders the sale valid.   We do not think that in the case before us, the amendment of. the record made by the court below was proper.

The judgment is reversed, with costs.

*W. March* and *R. Lake*, for appellants.

*J. Davis*, for appellee.