## HAMILTON and Another *v.* BURCH AND WIFE.

| | |
|---|---|
| 28 | 233 |
| 130 | 312 |
| 130 | 339 |
| 130 | 429 |
| 130 | 543 |
| 28 | 233 |
| 152 | 163 |
| 28 | 233 |
| 153 | 90 |
| 28 | 233 |
| 154 | 374 |

SHERIFF'S SALE.—It is a departure from his official duty for a sheriff, knowingly, from an entire body of two hundred and forty acres of land, suitable for one farm, to select and sell on execution eighty acres out of the centre, and thus separate the other two eighties, and destroy all communication between them for the purposes of a farm; and a complaint alleging such facts, together with the averments that the property sold was worth $2,500, and was sold for $213, to the execution creditor, and that the sale of the central eighty acres had destroyed the value of the remaining property to the extent of $1,000, makes a case of gross inadequacy of consideration, and shows good cause for setting aside the sale.

SAME.—EVIDENCE.—An offer to prove that at the sale there were ten or more persons present competent to bid, and that three or more did bid, and that defendants had offered the land soon after the sale to an agent of plaintiffs' for the amount of the judgment, interest and costs, is immaterial, and properly rejected.

SAME.—If property of an execution defendant has been improperly sold, it is no bar to his action to set aside the sale, that the purchaser, being the execution plaintiff, and hence chargeable with notice of irregularities, offered to reconvey to him on payment of the debt. He can insist that

the execution shall be legally levied upon his property, and the sale fairly conducted, and the money collected in the manner provided by law.

BILL OF EXCEPTIONS.—AMENDMENT OF.—The bill of exceptions which purported to contain "all the evidence given upon the trial," failed to show that any evidence was introduced to prove that any levy upon, or sale of the property had ever been made by the sheriff, or any deed executed to defendants.

*Held*, that the want of proof was fatal to the relief prayed for.

*Held*, also, that the bill of exceptions could not be amended by the court below on parol testimony alone, so as to embrace such testimony. Courts cannot amend their records at a subsequent term, except "in a fact which appears to be the misprision or neglect of the clerk," unless there is something in the record to amend by.

APPEAL from the *Warren* Circuit Court.

RAY, J.—This was an action by the appellees to have a sheriff's sale set aside. The complaint alleged that the appellants had obtained a judgment against the appellee, *Polly E. Burch*, before her marriage to her co-appellee, and while she was a *femme sole*, for the sum of $204 53, and costs; that an execution was issued on said judgment and levied upon a certain described eighty-acre tract of land; that the said appellees never gave up the property to be levied upon, nor were they ever called upon to give up property on said execution; that said land was sold by the sheriff to the appellants for the sum of $213, and the appellees "aver that unless said sale is set aside, the said *Polly E. Burch* will suffer irreparable damages and mischief on account of the wrongful and oppressive proceedings of the said sheriff in attempting to execute said writ of execution; that at the time of the levy and pretended sale aforesaid, said *Polly E. Burch* owned in her own right and by inheritance from her father, three eighty-acre tracts of land, which were in the partition of her father's estate among his heirs set off to said *Polly*, in a body together, and lying side by side, so as together to make a comfortable and convenient farm, making her part of the land about one hundred and sixty rods by two hundred and forty rods in area; also, forty acres of land lying adjacent to the east eighty acres, and on the east side of the same, and extending half way along the eastern

boundary of said eighty acres; that the sheriff levied the execution on the middle eighty-acre tract of said land, and sold the same to the defendants aforesaid, leaving her an eighty-acre tract of land on the east side, and one on the west side of said eighty-acre tract so sold to said defendants, and thereby dividing the remaining portion of her said lands, and cutting off all communication between her said remaining tracts of land, and requiring them to be inclosed and managed as two separate farms." It is also alleged that either of the three eighty-acre tracts was worth $2,500, and each was susceptible of division, and forty acres out of either, or the forty-acre tract adjoining the east eighty-acre tract, was sufficient to pay the entire judgment and costs, and that forty acres of said land would have sold for a sum sufficient; that if the sale had been made of either of the other tracts, it would have left the remaining lands "lying in a body together, so that they could have been occupied and managed as one farm, under one inclosure;" that the other lands are damaged for farming purposes $1,000, by being thus separated; that the price obtained was grossly inadequate, and that not more than three or four persons competent to bid were present at the sale, and "the sheriff, no doubt, felt disposed to favor the defendants, one of whom was the sheriff's son-in-law." Prayer that the sale be set aside.

The purchasers at the sheriff's sale were the execution plaintiffs, and were therefore chargeable with notice of any irregularity in the proceedings. Where there is any departure from duty on the part of the sheriff, which may prove injurious to the rights of the execution defendant, in the sale of the property, and the consideration paid is grossly inadequate, the sale will be set aside. *Lashley et al.* v. *Cassell*, 23 Ind. 600.

The title of the execution defendant to the property was evidenced by a decree in partition. Whether the sheriff was bound to take notice of the title to all the property vested

in her by the decree, we need not now decide. It would have been a departure from official duty for the sheriff, knowingly, from an entire body of two hundred and forty acres of land, suitable for one farm, to select eighty acres out of the centre, and thus separate the other two eighty acres, and destroy all communication between them for the purposes of a farm. The averments that the property sold was worth $2,500, and that the sale of the central eighty acres had destroyed the value of the remaining property to the extent of $1,000, together with the small sum for which the land was sold, make a case of gross inadequacy of consideration, and taken in connection with the improper conduct of the sheriff in selling eighty acres, when it is averred that forty was sufficient, make a good complaint for the relief sought.

On the trial, the appellants offered to prove by one *Hamilton*, that at the sale there were present ten or more persons competent to bid, and that three or more persons did bid at said sale, and that the appellants had offered the land soon after the sale to the agent of the appellees for the amount of the judgment, interest and costs. The court excluded the evidence.

The only grounds of recovery, in this suit, were the improper conduct of the sheriff in selecting the land to be sold, and selling more than was necessary, and the gross inadequacy of the price obtained. The proof offered did not go to either point, and was therefore immaterial. If the property of an execution defendant has been improperly sold, it cannot constitute a bar to his action to set aside the sale, that the execution plaintiff, the purchaser, offered to convey the property to him on payment of the debt. He can insist that execution shall be legally levied on his property, and the sale be fairly conducted, and the money collected in the manner provided by law.

The bill of exceptions purporting to contain "all the evidence given upon the trial" does not show that any evidence was introduced to prove that any levy upon, or sale

of the property, had ever been made by the sheriff, or any deed executed to the appellants. This failure of proof would be fatal to the relief granted in this case.

It is sought, however, to avoid this result by an application in the court below, upon notice to the appellants, to have the bill of exceptions amended, and then, by *certiorari* from this court, to bring the bill of exceptions as so amended, and made to contain such proof of levy and sale, and the execution of a deed for the property, before us in the record. The application was granted in the Circuit Court, upon parol evidence alone, and over the objection of the appellants. Was the action of the court below correct?

In the case of *Makepeace et al.* v. *Lukens*, 27 Ind. 435, the power of the court to amend the record after judgment, and at a subsequent term, was examined. It was there held that no amendment would be permitted, unless there was something in the record of prior, or at least equal date with that part of the record it was sought to correct, to amend by.

In *Bacon's* Abridgment, Title Amendments, ( F ) it is said: " But if there be a mistake or error in the judgment in any such matter in which the clerk has no instructions, * * there being no instructions in the record itself, or in the judgment book whereby to amend it, it did not appear whether it was the error of the clerk in the entering, or of the court in giving the judgment, and therefore could not be amended." The statutes on the subject of amendments authorize it only " in a fact which appears to be the misprision or neglect of the clerk."

The Supreme Court of *Massachusetts* recognize this limit to the power of the court, in *Balch and Wife* v. *Shaw*, and use this language: " This was not a case of want of jurisdiction, in which the record cannot be amended, because there being an omission to act, there is nothing to record; in such case, the defect is not in the record, but in the action of the court." 7 Cush. 282. See, also, *Ray, Adm'r*, v.

*Lister*, Andrews 351; *Berry et al.* v. *Tripletts*, 2 Marsh. 61; *McKey* v. *Moore*, 4 Bibb 321.

In *Scroggins, Adm'r,* v. *Scroggins,* it is said: " The court cannot correct its own judgment of a former term; but it can rectify the mistake of its clerk in recording a judgment so as to give an effect different from that authorized by the court." 1 J. J. Marsh. 365.

In the case of *McDonald et al.* v. *Watkins, Adm'r,* 4 Ark. 624, this language was used by the court: " This is an application to change and alter a record of the Circuit Court, by striking out, upon affidavit, the appearance of the defendants, and thereby, in effect, erasing the judgment of that court. We look upon the permitting of amendments as a power which should be exercised with great caution and delicacy, after the cause has been finally disposed of and that court adjourned, lest in answering the substantial purposes of justice, it might lead to mischief and injustice. It is not our intention to enter into a discussion of the doctrine of amendments; and, indeed, it is difficult to limit the discretion of the courts upon that subject within any certain or prescribed bounds. We certainly should not deem ourselves authorized to interfere with the record, in this instance, for in the entry preceding the judgment, it states affirmatively, ' on this day came the parties by their attorneys, and the said defendants, as well as the said plaintiff, entered their waiver of all exception' to the judge then sitting in the case."

The amendment asked for in the case now before us is supported by parol evidence alone, and is in express contradiction of the declaration in the bill of exceptions that the evidence therein set out was all the evidence given in the case. In the case of *Denny, Adm'r,* v. *Moore,* 13 Ind. 418, the proof was not offered to contradict any matter of record. In the case of *Givens* v. *Bradley,* 3 Bibb 192, it was held that the power of the judge to correct a bill of exceptions was limited to the term at which it was required to be filed.

We believe the power does not, in any event, extend beyond this limit. We cannot, for the reasons stated, regard the amendment to the bill of exceptions, and must therefore reverse the case for a failure of proof to sustain the finding of the jury.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to grant a new trial.

## CASE NO. 596.

The appellants in this case have attempted.to take an appeal from the order of the court, directing the amendment of the bill of exceptions, as though from an original case. No appeal will lie to this court in that form, and the appeal is therefore dismissed, with costs.

*B. F. Gregory, J. Harper, J. Parks* and *L. T. Miller,* for appellants.