Seig *v.* Long *et al.*

NO. 6868.

SEIG *v.* LONG ET AL.

BILL OF EXCEPTIONS.—*Amendment.*—*Practice.*—A court has no power to amend a bill of exceptions, by incorporating therein the clause, "and this was all the evidence given in the cause," after the close of the term at which such bill was signed and filed.

SAME.—*Appeal.*—*Evidence.*—Where a cause is appealed to the Supreme Court on questions involving a consideration of the evidence, such questions will not be considered unless the record shows that all the evidence given in the cause has been incorporated therein by a proper bill of exceptions.

From the Harrison Circuit Court.

*G. W. Self*, *B. P. Douglass* and *S. M. Stockslager*, for appellant.

*W. T. Jones*, *S. J. Wright* and *L. Jordan*, for appellees.

ELLIOTT, J.—The questions arising in this cause cannot be considered unless the evidence is in the record by a proper bill of exceptions; and, as the appellees strongly insist that there is no sufficient bill incorporating the evidence, that question first requires consideration.

The bill of exceptions as originally prepared was presented to the court below, signed and filed on the 6th day of March, 1876. The words, "and this was all the evidence given in the cause," were not contained in the bill as originally signed. On the 13th day of June, 1877, the appellant filed a motion to correct the record by having the words, "and this was all the evidence given in the cause," inserted in the bill of exceptions. The motion is supported by the verified statements of counsel, that the bill did in fact contain all the evidence; that, prior to its having been signed by the judge who tried the case, it was approved by the attorneys for the appellees. The written motion of appellant alleges that "The words, 'and this was all the evidence given on the trial of the cause,' were by accident omitted to be inserted in said bill of exceptions." No other explanation of, or excuse for, such omission is offered. The appellees sturdily resisted, in

every possible form, the amendment of the record, and the question as to whether the court had power to permit such an amendment is directly and expressly placed before us. It is clear that upon the grounds stated in appellant's motion the court had no power, after the close of the term, to incorporate a clause, such as that asked by appellant, not in the bill when originally signed. There could be, in the case of such an omission as that described, nothing by which to amend, for at no time was any record made, nor, in truth, was any intended to be made, of the clause now sought to be declared part of the bill. The right to direct any amendment, of the general character of that proposed by appellant, to a bill of exceptions, after the close of the term, is a very doubtful one, if, indeed, it exist at all, and certainly such an amendment as that here insisted upon cannot be allowed. *Makepeace* v. *Lukens,* 27 Ind. 435 ; *Ellis* v. *Ewbanks,* 3 Scam. 190. In *Kirby* v. *Bowland,* 69 Ind. 290, it was said : "A court may record a fact *nunc pro tunc ;* that is, if the fact existed then, it may record it now ; but it cannot record a fact now which did not exist then ; and there must be some record, note, entry or minute of some kind, on which to base it, connecting it with the case."

The evidence not having been properly carried into the record, there is no question for our consideration, and we must, therefore, affirm the judgment.

Judgment affirmed, with costs.