Hannah *et ux. v.* Dorrell.

———————

No. 7548.

HANNAH ET UX. *v.* DORRELL.

JUDGMENT.—*Foreclosure of Mortgage.—Divisibility of Premises.—Erroneous Judgment. — Correction of, on Motion at Subsequent Term. — Appeal.—* Where, in a suit to foreclose a mortgage, the court rendered judgment showing that there were instalments of the mortgage debt yet to become due, but failed to find whether or not the mortgaged property was susceptible of division, the court could correct such omission, on motion, at a subsequent term. But the court could not, upon such motion, review its former finding and judgment as to any question of fact decided. Relief from such error could only be had by appeal.

SAME.—*New Trial.*—After the term at which a judgment is rendered, a new trial can be had only on complaint, and for causes discovered after the term.

BILL OF EXCEPTIONS.—*Amendment in Court Below.*—Where a bill of exceptions is prepared and filed in vacation by the appellant, the adverse party may move, in the trial court, for the correction of omissions and inaccuracies in the bill by proper amendment.

From the Ohio Circuit Court.

*J. B. Coles,* for appellants.

*A. C. Downey* and *H. S. Downey,* for appellee.

NEWCOMB, C.—This was, originally, an action to foreclose a mortgage on real estate, given by the appellants to one Daniel Dorrell, who assigned the same, with the mortgage

notes, to the appellee. The notes were eleven in number, running from one to eleven years, and but one of them was due. They were given for the purchase-money of the land mortgaged. At the time of the sale and conveyance of the land to Milton Hannah, there were two mortgages upon it, one to the State of Indiana, for the benefit of the school fund, which figures in the subsequent proceedings as "the school fund mortgage." This incumbrance amounted to $400. The other mortgage was owing to Mary Scranton, who was made a defendant in the action, and, on her cross complaint, her mortgage was foreclosed.

Hannah and wife filed a cross complaint, in which they alleged that Daniel Dorrell conveyed the lands in question to Milton Hannah, the maker of the notes, with full covenants of warranty, and agreed and promised to pay off the incumbrances thereon. Also, that when Daniel Dorrell assigned the notes to the plaintiff, the latter promised him, in writing, to pay said incumbrances ; that the $400 mortgage to the State was due ; that Mary Scranton had filed her cross complaint, praying the foreclosure of her mortgage, and that Daniel Dorrell was insolvent. Prayer, that all said incumbrances be taken into consideration ; that, when said lands should be sold, the proceeds should be applied, first, to the payment of the mortgage to the State, secondly, to all other liens, in the order of their priority ; that, for the payment of such prior liens, Milton Hannah might receive a credit and set-off against his note and mortgage ; that the notes first maturing, to the amount of said payments, be declared paid and satisfied, and that he be relieved from further payment until the remainder, or a part of his subsequent notes, should become due. A copy of the agreement between William and Daniel Dorrell was filed with the cross complaint. It provided that William should pay the Scranton mortgage, and some other incumbrances, but was silent as to the school fund mortgage.

After unsuccessfully demurring to this cross complaint, the appellee answered it by a general denial. The issues were submitted to the court for trial. There was a finding for the plaintiff, showing that there was then due on the notes and mortgage of Milton Hannah $223, and that further sums would become due on the first day of March of each year, to and including the year 1887. The court also found that the mortgage of Mary Scranton was a prior lien, amounting to $643.33 ; that the $400 school fund mortgage was also a lien on the mortgaged premises, which incumbrances the plaintiff, as assignee of Daniel Dorrell, was, "by his agreement introduced in evidence, to assume and pay."

The portion of the decree defining the rights and obligations of the parties, touching said incumbrances, was as follows : "It is therefore ordered and adjudged by the court, that, if the plaintiff, William Dorrell, shall pay and discharge said liens, according to the terms of said agreement, then he shall have his order of sale against said lands for the several amounts heretofore found in his favor, as each shall become due ; but if said plaintiff, Dorrell, shall fail to pay and remove said incumbrances, then, if the defendant Hannah shall pay the same, or if the lands shall be holden therefor, the said amounts are declared a credit on the notes and mortgage, sued on by said plaintiff, Dorrell, in favor of said Hannah, and said plaintiff, Dorrell, shall not have his execution or order of sale herein until said liens shall be paid off by him, or until a sufficient number of the notes of said Hannah shall have matured to equal the said sum of six hundred and forty-eight and $\frac{33}{100}$ dollars, due said Mary Scranton, and said sum of four hundred dollars, due the State of Indiana, with the interest thereon to the time of their satisfaction."

The decree was silent as to the divisibility or non-divisibility of the mortgaged premises.

There was no motion for a new trial, no objection by either party to the decree, nor any motion to modify it.

At the next succeeding term of the court, the plaintiff pre-sented a written motion, stating, among other things, that the court in its decree omitted to find and enter of record whether the mortgaged premises were or were not suscepti-ble of division; and that the court, "by inadvertence and mistake," ordered that the $400 mortgage to the school fund should be deducted from the amount due the plaintiff on the notes held by him, when in fact said Hannah, by his contract in the purchase of said lands, agreed to pay the same, in addition to the notes held by plaintiff. The prayer of the motion was that the omission named be supplied; that the plaintiff might receive the whole amount due him, with-out any deduction on account of the mortgage to the school fund, and that the decree be so modified that it could be collected and enforced by plaintiff. The original defendants appeared to the motion, and Milton Hannah moved to strike out so much of plaintiff's motion as applied to the previous finding of the court touching the school fund mortgage. This motion was overruled, and he excepted.

The court then heard oral evidence as to the divisibility of the land, and also concerning the contract between Daniel Dorrell and Hannah, at the time the latter purchased the land, to the effect that Hannah was to pay the school fund mortgage, and that the amount thereof was deducted from the purchase-money.

To the introduction of the evidence relative to said con-tract the defendants objected, on the ground that that issue had been tried and determined at the previous term, and that judgment had been rendered in accordance with the finding. This objection was overruled and the defendants excepted.

The court then found and adjudged that the mortgaged premises could not be sold in parcels without injury to the interests of the parties, and modified its former decree as prayed for in the plaintiff's motion.

Hannah *et ux.* *v.* Dorrell.

Was it competent for the court on motion to so change its judgment rendered at a former term? The power of courts to amend their records at a term subsequent was discussed and settled in *Makepeace* v. *Lukens*, 27 Ind. 435, and in *Uland* v. *Carter*, 34 Ind. 344; *Miller* v. *Royce*, 60 Ind. 189; *Schoonover* v. *Reed*, 65 Ind. 313; *Reily* v. *Burton*, 71 Ind. 118. The rule announced in these cases, and in the authorities on which it is based, is thus stated in *Uland* v. *Carter:* "Amendments are allowed only when the case is within the reach of some statute, or where there is something to amend by, that is, where there is some memorial paper, or other minute of the transaction in the case, from which what actually took place in the prior proceeding can be clearly ascertained and known." The court below was clearly authorized by statute to entertain the motion and hear evidence as to the divisibility of the land mortgaged. The prior judgment showed that there were instalments of the mortgage debt thereafter to become due. In such cases section 638 of the code requires the court, "after final judgment," to "ascertain whether the property can be sold in parcels," etc. This duty was omitted at the term at which judgment was rendered. Perhaps, under this section, the court could properly have inquired into and determined that question at a subsequent term; but, however that may be, it undoubtedly had such power under section 99, which requires courts to supply an omission in any proceedings, on complaint or motion filed within two years.

But we think the court below erred in its action on the other branch of the motion. A case was not shown of an erroneous entry of what the court in fact found and adjudged at a previous term, but the motion sought to correct an "inadvertence and mistake" of the court in finding a fact against the evidence in the case. In this respect the motion was made to perform the office of a writ of error. The argument of the appellee in support of this proceeding is,

that it was shown by the decree that the finding and judg-- ment that the school fund mortgage ought to be charged, in the first instance, upon the land, rather than upon Hannah, was based upon the agreement between William and Daniel Dorrell, filed with Hannah's cross complaint, and that the agreement did not so provide. If this be granted it still follows that the motion called upon the court to review its former finding and judgment upon the evidence adduced at the hearing, and to re-examine the question whether the school fund mortgage, as between the parties litigant, should have precedence over the plaintiff's mortgage. And the court, instead of proceeding to review its former action by the record it had made, heard oral evidence as to the terms of the original contract between Hannah and Daniel Dorrell. In this way the motion was made to perform the function of a motion for a new trial, and that as to a part only of the cause.

It is urged, however, that the oral evidence was harmless, because the decree itself disclosed that it was founded on a misconception of the contract pleaded in Hannah's cross complaint. But we can not say that the evidence so heard on the motion did not influence the court to change its decree. Before hearing this evidence it had decided one way, and after hearing it a different decision was rendered. We may remark further that the contract so pleaded is not identified as the contract referred to in the decree. That speaks of an agreement "introduced in evidence," but does not refer to it as the contract set out in the cross complaint. Besides, the evidence on which the original judgment was founded was not properly a part of the record, and it is doubtful whether it should be considered. *Davis* v. *Frank- lin,* 25 Ind. 407.

After the term at which judgment is rendered, a new trial can be had only on a complaint, and for causes discovered after the term. 2 R. S. 1876, p. 183. The motion we have

Hannah *et ux. v.* Dorrell.

considered, and the action of the court thereon, can not be sustained by section 99 of the code, as that provides only for relief from a judgment taken against the party through *his* mistake, inadvertence, surprise, or excusable neglect. It does not cover the case of a mistaken decision by the court. For errors of the court the law has provided other remedies. The motion does not disclose a case of mistake, surprise, or excusable neglect on the part of the plaintiff below. He made no objection to the decree when it was rendered, and he has failed to show that every fact in the case, as presented by his subsequent motion, was not known to him at the time the cause was first heard and judgment rendered.

The bill of exceptions, as originally certified to this court, did not show that the court heard any evidence on the question of the divisibility of the mortgaged premises. After the appeal a motion was made in the court below by the appellee to amend the bill of exceptions in that particular. It was so amended, and on *certiorari* was certified, as amended, to this court. The appellant has assigned error on this ruling, having excepted to the action of the circuit court in ordering the amendment.

The original bill of exceptions was prepared by counsel for the appellant, and was filed in vacation under an order giving sixty days time for that purpose. In such a case, we think, the adverse party may afterward move for the correction of omissions or inaccuracies in the bill, so that it may speak the truth as to what took place on the trial.

If the motion to amend had been made by the party who prepared and caused the bill to be signed in the first instance, a different question would be presented.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the supplemental order and judgment of the Ohio Circuit Court, made at its April term, A. D. 1878, so far as it determined that the lands named in its former judgment could not be sold in parcels without injury to the in-

terests of the parties, is affirmed. And the residue of said supplemental order and judgment is reversed; and this cause is remanded to said circuit court, with instructions to over-rule the motion of the plaintiff below to modify the judgment and decree rendered in said cause at the January term of said court, A. D. 1878, except so much thereof as sets up the omission of said court to ascertain and determine, at said January term, whether the lands described in said judgment and decree could be sold in parcels without injury to the interests of the parties; and it is further ordered that the appellant pay one-half the costs in the court below and in this court, and that the appellee pay the residue of said costs.