No. 8120.

### Conway v. Day et al.

Judgment.—*Misprision.*—*Motion to Correct Not Demurrable.*—*Practice.*—A motion to correct misprisions in the entry of a judgment is not the proper subject of demurrer.

Same.—*Power of Court to Correct.*—*Valuation Laws.*—*Rate of Interest.*—When the contract on which a judgment was rendered was such as to require it, the judgment may be so corrected as to be executed without relief from appraisement laws, and as to draw a particular rate of interest.

Same.—*Supreme Court.*—A judgment may be corrected in respect to misprisions in the entry of it after it has been affirmed on appeal by the Supreme Court.

From the Huntington Circuit Court.

*J. C. Branyan* and *C. W. Watkins*, for appellant.

*W. H. Coombs, J. Morris, R. C. Bell, L. P. Milligan* and *A. Moore*, for appellees.

Woods, J.—The appellant moved in writing for the correc-

tion of a judgment theretofore rendered in his favor in the court below, showing that the judgment was rendered at the December term, 1875, of the court, upon a promissory note executed by the appellees on the 13th day of May, 1875, whereby five months after said date they promised to pay to the order of the plaintiff, at the Citizens Bank of Huntington, Indiana, $2,500, without relief from valuation or appraisement laws, with interest annually at ten per cent. until paid; a copy of which note was filed with the complaint as the cause of action, and the verdict of the jury and the judgment of the court in favor of the plaintiff were based thereon; but that the clerk of the court, by inadvertence and misprision in making up the record, so entered the judgment as that it contains no order for collection or enforcement without relief from valuation or appraisement laws, and draws six per cent. interest only; that the appellees appealed from the judgment to the Supreme Court, which affirmed the same, and thereafter, and not before, did the appellant discover the errors and omissions of the clerk in entering the judgment.

The court sustained a demurrer to this motion.

It is manifest, upon the facts stated in the motion, which, for the purposes of this appeal we assume to be true, that the judgment was wrong in the respects specified, and that, upon the face of the record, without resorting to other evidence, it was possible to make the proper corrections. That it is competent for the court in such cases to make the corrections prayed for, see *Miller* v. *Royce*, 60 Ind. 189, and cases cited.

Besides, the motion was not the proper subject of demurrer. *Jenkins* v. *Long*, 23 Ind. 460; *Hebel* v. *Scott*, 36 Ind. 226; *Bales* v. *Brown*, 57 Ind. 282; *Latta* v. *Griffith*, 57 Ind. 329. If, however, a right result had been reached, it would be no cause for reversing the judgment, that it was rendered on demurrer, instead of on motion to reject or dismiss.

The fact that the judgment had been appealed from by the appellees, and had been affirmed by the Supreme Court, presumably at the instance of the appellant, constitutes, as it seems

to us, no bar to the petition or motion for correction ; no more, indeed, than the original entry of the judgment, which, in the same sense, is presumed to have been entered at his instance.

Judgment reversed, with costs, and cause remanded with instructions to overrule or strike out the demurrer, and to proceed to dispose of the motion upon its merits.