Morgan v. Hays.

Filed Oct. 17, 1883.

No. 9516.

MORGAN v. HAYS.

BILL OF EXCEPTIONS.—*Amendment of.—Record.—Rule of Court.*—A bill of exceptions may be amended to correct an error therein, by order of court, after the term at which it has been signed and filed, if there be a record, memorial or minute of the transaction, of equal or prior date, upon which the amendment can be based, as where the date of the adoption of a rule of court appears of record, but is erroneously stated in the bill.

From the Dearborn Circuit Court.

*J. D. Haynes, J. K. Thompson* and *W. S. Holman,* for appellant.

*H. D. McMullen* and *D. T. Downey,* for appellee.

NIBLACK, C. J.—This was a complaint in the nature of a motion to amend a bill of exceptions.

From the complaint, which consists of several papers and copies of proceedings grouped together in a very informal way, we deduce a summary of the facts relied on for relief as follows:

On the 3d day of February, 1879, William Morgan, the appellant in this case, commenced an action in the court below against Ezra G. Hays, the appellee, upon a promissory note. A jury having disagreed at the ensuing February term, the cause was continued until the April term following. Dur-

ing the latter term the appellee filed his affidavit for a change of the trial from the regular judge. The application was overruled, upon the ground that under a rule which had been adopted on the 23d day of April, 1877, it came too late. Afterwards the appellant obtained a verdict and a judgment against the appellee for the amount of the note in suit. The appellee thereupon appealed that cause to this court, and in preparing and signing a bill of exceptions containing the evidence and other proceedings, not appearing of record in the cause, it was by inadvertence and mistake made to appear that the rule concerning changes of venue referred to was adopted on the 23d day of April, 1879, and the bill of exceptions embracing this mistaken date was copied into the transcript and made a part of the record in this court. *Hays* v. *Morgan*, 87 Ind. 231.

Upon these facts the appellant prayed an order correcting the bill of exceptions as to the date of the adoption of the rule in question, the true date of which was a matter of record in the Dearborn Circuit Court.

The appellee demurred to the complaint, and his demurrer was sustained, upon which final judgment was rendered against the appellant.

It is within the power of the circuit, and other *nisi prius* courts of the State, to amend a bill of exceptions after it has been signed and made a part of the record, and after the close of the term at which it was signed, where a proper case for the amendment of a record is made.

To make such a case there must be some memorandum, memorial paper, record, or other minute of the transaction to amend by, of a date prior to, or at least of equal date with, the bill of exceptions. Buskirk Prac. 155; *Jenkins* v. *Long*, 23 Ind. 460; *Makepeace* v. *Lukens*, 27 Ind. 435; *Hamilton* v. *Burch*, 28 Ind. 233; *Uland* v. *Carter*, 34 Ind. 344; *Beavers* v. *State*, 58 Ind. 530; *Hannah* v. *Dorrell*, 73 Ind. 465; *Firestone* v. *Firestone*, 78 Ind. 534; *Williams* v. *Henderson*, 90 Ind. 577.

Courts are required to take judicial knowledge of their own rules, and in this case the court had the order-book entry of the adoption of the rule, concerning which the mistake in the date was made, before it, and, consequently, had a record to amend by, of prior date to the bill of exceptions.

We see no substantial objection to the sufficiency of the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

