The Lawrenceburgh Furniture Manufacturing Company *et al. v.* Hinke.

Judgment reversed, with costs.

Filed March 14, 1889; petition for a rehearing overruled May 11, 1889.

———◆———

No. 8813.

## The Lawrenceburgh Furniture Manufacturing Company et al. *v.* Hinke.

PLEADING.—*Motion to Strike Out Parts of.*—*Practice.*—There is no available error in overruling a motion to strike out parts of a complaint.

SAME.—*Complaint.*—*Negligence.*—A complaint charging the defendant with negligence, whereby the plaintiff, without his fault, sustained great bodily injuries, is good on demurrer.

SAME.—*Answer.—Demurrer.—Harmless Error.*—There is no available error in sustaining a demurrer to a paragraph of answer where the same facts are provable under another paragraph, or where the paragraph to which the demurrer is sustained is merely a special denial.

SUPREME COURT.—*Transcript.—Omission of Evidence.—New Trial.—Presumption.*—Where the record shows upon its face that it does not contain all of the evidence, it will be presumed that the action of the trial court in overruling a motion for a new trial was right, where the causes assigned depend upon the evidence.

From the Dearborn Circuit Court.

*W. S. Holman, J. Schwartz* and *W. H. Bainbridge,* for appellants.

*R. E. Slater* and *F. Adkinson,* for appellee.

BERKSHIRE, J.—The complaint charges the appellants. with negligence, whereby the appellee was greatly injured in. his person, and negatives contributory negligence on his part. The appellants demurred to the complaint, which demurrer the court overruled, and they excepted to the ruling of the court. The appellants also moved to strike out and reject certain parts of the complaint, which motion the court overruled, and they excepted.

The appellants filed separate answers to the complaint, the furniture company in two paragraphs, and the other appellant in three paragraphs. The first paragraph of each answer was the general denial. To the other paragraphs the appellee demurred, the court sustained the demurrers and the appellants reserved exceptions.

The issues joined were afterwards submitted to a jury for trial, a verdict returned for the appellee, and, over a motion for a new trial, the court rendered judgment upon the verdict.

The errors assigned are, (1) the court erred in overruling the motion to strike out parts of the complaint, (2) in overruling the demurrers to the complaint, (3) in sustaining the demurrers to the several paragraphs of answer, and (4) in overruling the motion for a new trial.

There was no available error in overruling the motion to strike out parts of the complaint.

The facts alleged in the complaint imputed negligence to the appellants, whereby the appellee sustained great bodily injury, and the complaint contained the negative allegation as to negligence on his part. The complaint was clearly good, and the demurrers rightly overruled.

All the facts alleged in the paragraphs of answer to which the demurrers were sustained were provable under the general denial; in fact, the paragraphs were mere special denials, and the court committed no available error by sustaining the demurrers thereto.

The reasons for a new trial all depend upon the evidence that was given upon the trial. In looking over the record

we find that it shows upon its face that there was evidence given on the trial which it does not contain. We must, therefore, treat the record as not containing the evidence, and when we do this, we must presume in favor of the action of the court below in overruling the motion for a new trial. *Collins* v. *Collins*, 100 Ind. 266 ; *Thames, etc., Co.* v. *Beville*, 100 Ind. 309 ; *Beatty* v. *O'Connor*, 106 Ind. 81 ; *Lyon* v. *Davis*, 111 Ind. 384 ; *Kleyla* v. *State, ex rel.*, 112 Ind. 146 ; *Mattinger* v. *Lake Shore, etc., R. W. Co.*, 117 Ind. 136.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed May 11, 1889.