No. 14,801.

## HARRIS v. TOMLINSON ET AL.

BILL OF EXCEPTIONS.— *Use of "Testimony" for "Evidence."*— The using of the word " testimony " for " evidence," in a bill of exceptions, where the meaning is obvious, will not defeat the operation of such an instrument.

SAME.— *Use of "Offered" for "Introduced."*—The use of the word " offered " in place of " introduced," in a bill of exceptions, with reference to the introduction of evidence, is sufficient if the record affirmatively shows that all the evidence offered was introduced. The error occasioned by the inadvertent use of the word " offered " for " introduced," in such a connection, is cured by the phrase " this was all the evidence given in the cause."

SAME.— *Nunc Pro Tunc.—Appeal.—New Trial.*—A bill of exceptions may be amended by a *nunc pro tunc* entry, and the order appealed from without a motion for a new trial.

SAME.— *Who May Apply for Correction.*—The party who has prepared a bill of exceptions may apply to have it corrected ; but the evidence will be more closely scrutinized than if the opposite party made the application.

SAME.—*Laches.*—A party who has been guilty of laches in securing the correction of a defective bill of exceptions will not be granted any relief.

NUNC PRO TUNC ENTRY.—*Auxiliary.—Appeal.*—A proceeding for a *nunc pro tunc* order is part of the original cause of action, and auxiliary thereto, and may be brought up on appeal of that action.

SAME.—*Appeal.—How Taken.—Nunc pro tunc* entries made during the progress of a case can not be appealed from as such, but may be brought up with the case when an appeal of such case is taken; but such entries made after the case has been determined may be appealed from without bringing up the entire case.

SAME.— *Motion for a New Trial.*—In order to present the sufficiency of the evidence on a motion for a *nunc pro tunc* entry, a motion for a new trial is not necessary.

SAME.—*Notice.—Summons.*—A mere notice is sufficient on a motion for a *nunc pro tunc* entry, and a summons is not required ; but if a summons is issued it will be treated as a notice.

SAME.—*Pleading.—Motion.—Sufficiency.*—On such a motion no formal pleading is necessary, and no great strictness is required in the preparation of the motion.

SAME.—*Inherent Power of Court.*—A statute is not necessary to enable a court to correct mistakes and make its record speak the truth.

SAME.—*Office Not to Correct Mistakes.*—Such an entry can not be used as a medium whereby a court can change its rulings actually made, however erroneous or under whatever mistakes of law or facts such ruling may have been made; nor to correct mistakes made by counsel in the introduction of evidence.

From the Marion Superior Court.

*T. E. Johnson, S. M. Shepard* and *W. E. Niblack,* for appellant.

*F. Knefler* and *J. S. Berryhill,* for appellees.

MILLER, J.—The errors assigned require an examination of the evidence introduced upon the trial of the cause; and we are met at the threshold with the claim that the evidence is not in the record in such manner as to enable us to pass upon its sufficiency to sustain the finding and judgment.

The evidence, as we find it in the record, consists entirely of certain court records, executions, and sheriff's deeds, interrogatories and answers thereto. The bill of exceptions recites in the introductory clause that the plaintiff, to maintain the issues on his part and behalf, introduced the following " testimony ; " also, in every instance, the term " offered in evidence," is used where the words " introduced in evidence " should have been.

We find, however, at the close of the bill of exceptions, the statement that " this was all the evidence given in the cause."

The context makes it clear that the word " testimony " refers to the evidence immediately following it, which, as we have said, was entirely documentary. While the word " testimony " is not synonymous with the word " evidence," it was in this instance used in that sense. We can not permit the simple misuse of a word, where the meaning is obvious, to defeat the operation of an instrument of such importance as a bill of exceptions.

The case of *Kleyla* v. *State, ex rel.,* 112 Ind. 146, and others of similar import, where the bill of exceptions concludes with

the statement that "this was all the testimony given in the cause," are not in conflict with this position.

The bill also shows that in connection with each instrument given in evidence the word " offered " appears where the word " introduced " is usually used ; but, inasmuch as the record affirmatively shows that all the evidence offered was introduced, and constitutes a part of that which the bill says was " all the evidence given in the cause," the bill is not fatally defective on that account. This case is distinguishable in this respect from *Goodwine* v. *Crane*, 41 Ind. 335 ; *American Ins. Co.* v. *Gallahan*, 75 Ind. 168 ; *Peck* v. *Louisville, etc., R. W. Co.*, 101 Ind. 366 ; *Garrison* v. *State*, 110 Ind. 145.

The bill of exceptions recites the giving in evidence of an execution issued on the 7th day of October, 1876, on a judgment rendered in the common pleas court of Marion county, and the return of the sheriff endorsed thereon. This execution and return are not set out in the transcript, but are marked as " not on file."

The appellee contends that the bill of exceptions is fatally defective, because it shows on its face that there was evidence given on the trial that is omitted from the bill. The authorities fully sustain this contention. *State, ex rel.,* v. *Marsh*, 119 Ind. 394 ; *Lawrenceburgh Furniture Mfg. Co.* v. *Hinke*, 119 Ind. 47 ; *Saxon* v. *State*, 116 Ind. 6 ; *Cowger* v. *Land*, 112 Ind. 263 ; *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353 ; *Stout* v. *Turner*, 102 Ind. 418 ; *Jennings* v. *Durham*, 101 Ind. 391 ; *Collins* v. *Collins*, 100 Ind. 266.

In order to cure this defect in the record the appellant instituted a proceeding, by notice and motion, in the superior court of Marion county, before the judge who tried the cause, to amend and correct the bill of exceptions, by expunging therefrom all that part which recites the giving of the execution and return above mentioned in evidence.

The appellee appeared to the motion, and stubbornly contested the making of the amendment. The proceedings re-

sulted in the making of an order for the amendment of the bill as prayed for, and this action was affirmed by the court in general term.

The appellee in this case appealed from this judgment to this court, where the appeal has been docketed as a separate cause. *Tomlinson* v. *Harris*, *ante*, p. 339.

Proceedings to amend bills of exceptions, like other applications for *nunc pro tunc* orders, are not actions separate and distinct from the original action, but are merely auxiliary thereto, and should, where an appeal in the main action is pending, be brought up on appeal as a part of that action, and not as an original case. *Hamilton* v. *Burch*, 28 Ind. 233; *Seig* v. *Long*, 72 Ind. 18; *Hannah* v. *Dorrell*, 73 Ind. 465.

The practice in this respect not having been uniform, we will treat the record in *Tomlinson* v. *Harris*, *supra*, as a return to a *certiorari*, which has been asked for in this action, and determine the questions involved upon their merits.

We are unable to agree with counsel for the appellant that a judgment ordering the amendment of a bill of exceptions is not such as may be appealed from, either from the trial court to the general term, or from the general term to this court. The practice in this State has uniformly recognized such right of appeal. *Morgan* v. *Hays*, 91 Ind. 132; *Hamilton* v. *Burch*, *supra*; *Williams* v. *Henderson*, 90 Ind. 577; *Seig* v. *Long*, *supra*.

The same rule applies to orders made amending records other than bills of exceptions. *Uland* v. *Carter*, 34 Ind. 344; *Bales* v. *Brown*, 57 Ind. 282; *Douglass* v. *Keehn*, 78 Ind. 199; *Conway* v. *Day*, 79 Ind. 318; *Walker* v. *State*, 102 Ind. 502.

In *Douglass* v. *Keehn*, 71 Ind. 97, it was held that an amendment of the record, made by the trial court upon due notice, could only be questioned by appealing therefrom.

The rule contended for would doubtless be correct where

the amendment was made at the term, and while the proceedings were *in fieri*.

The appellee appeared specially to the notice served upon him of the application to amend the bill, and asked the court to quash the same, but his motion was overruled.

In this the court did not err. A summons is only required at the commencement of an original action. We believe it to be a rule of universal application that when a party has once been brought into court, either by a summons or a voluntary appearance, a mere notice is sufficient to bring him back into court in the same cause, in any subsequent proceedings. Where a summons in such case has been issued and served, it will be treated as a mere notice. *Gray* v. *Robinson*, 90 Ind. 527; *Latta* v. *Griffith*, 57 Ind. 329.

After full appearance, the appellee filed a motion to dismiss the petition, or application, to the court for the correction of the bill, and makes complaint of the action of the court in overruling his motion.

This method of testing the sufficiency of a motion for a *nunc pro tunc* entry is sustained by the authorities. *Douglass* v. *Keehn, supra*, and cases cited; *Conway* v. *Day, supra*.

The law does not contemplate the filing of formal pleadings in this class of proceedings, and no great strictness is required in the preparation of the motion, such as are usual and necessary in complaints and answers. It is a sufficient compliance with the requirements of law if the motion specifies with reasonable certainty the relief sought, and the grounds upon which the motion is founded. *Gray* v. *Robinson, supra; Urbanski* v. *Manns*, 87 Ind. 585; *Blizzard* v. *Blizzard*, 40 Ind. 344.

We have examined the motion filed in this case, and are satisfied that it makes a *prima facie* showing for such relief. We will at this time consider only two of the objections urged to its sufficiency. One is, that the appellant can not have a bill of exceptions of his own preparation corrected,

and in support of this the case of *Hannah* v. *Dorrell*, 73 Ind. 465, is cited. All that is said in that case upon the subject is the mere suggestion that if the bill had been prepared by the party asking its correction a different question would be presented. The question was not before the court, and was consequently not decided.

When a bill has been signed and filed, it becomes at once a part of the record, and we know of no rule of law to prevent either party, upon a sufficient showing, from having clerical misprisions corrected. If the party at whose instance the bill was prepared and filed asks for its correction, it might possibly call for a closer scrutiny of the evidence showing that the plaintiff was not guilty of negligence, but it could extend no farther.

The other objection is that it does not show that the proceedings were instituted within two years from filing the bill of exceptions.

We are of the opinion that this is not controlled by section 396, R. S. 1881, but that the court may, in the exercise of one of its inherent powers, long antedating the enactment of our code of procedure, so correct mistakes as to make its record speak the truth. *Miller* v. *Royce*, 60 Ind. 189. In the latter case a mistake was corrected after ten years, and in *Conway* v. *Day*, *supra*, a correction was made after the cause had been appealed to this court and affirmed.

After the trial court made an order for the correction and amendment of the bill, the appellee made a motion for a new trial, which was overruled, and that ruling was assigned as error in general term.

We are of the opinion that the making of such motion was unnecessary ; that there was, in a strict sense, no trial, but simply a hearing of the motion, and all that was required to bring forward the proceedings for review, as a part of the original case, was a bill of exceptions containing the evidence and showing the rulings made by the court, with

proper exceptions. *Blizzard* v. *Blizzard, supra ; Runnels* v. *Kaylor,* 95 Ind. 503; *Corwin* v. *Thomas,* 83 Ind. 110.

We have in the record, disregarding the motion for a new trial, all that is essential to a review of the case made by the evidence.

The evidence is not conflicting. Two witnesses were examined, and no documents, records or memoranda of any kind were given in evidence. The appellee Tomlinson introduced no evidence.

It appears that the attorney originally employed by the appellant was absent, and that another attorney, who was one of the witnesses in this proceeding, tried the cases for him.

An arrangement was made between counsel, at the trial, by which the bringing of records into court, of which counsel had memoranda, was waived.

The bill of exceptions was drawn by some one other than the attorney who tried the case. The witness does not know, and does not testify, how the error, if there was one in the bill, occurred. It may, however, be inferred that it was occasioned by a mistake made by one of the attorneys who prepared the memoranda of documentary evidence which the plaintiff desired to introduce on the trial.

The other witness, who was a deputy in the clerk's office, testifies that the records in that office do not show that any such execution was ever issued.

If it be conceded, which we do not decide, that proof of the non-existence of the execution was the equivalent of proof made by some " memorandum, memorial paper, record, or other minute of the transaction to amend by, of a date prior to, or at least of equal date with the bill of exceptions," which is required by the authorities (*Morgan* v. *Hays, supra*), the evidence falls far short of sustaining the order of the court directing the amendment of the bill.

"A court may record a fact *nunc pro tunc ;* that is, if the fact existed then, it may record it now; but it can not re-

cord a fact now which did not exist then." *Kirby* v. *Bowland*, 69 Ind. 290.

A *nunc pro tunc* entry can not be made to put something into a bill of exceptions that was not offered in evidence; or to take something out of a bill that was given in evidence.

A *nunc pro tunc* entry can not be used as a medium whereby a court can change its ruling actually made, however erroneous or under whatever mistakes of law or facts such ruling may have been made. Nor can such entry be made to correct mistakes made by counsel in the introduction of evidence.

The bill of exceptions, as it is in the record, recites the offer of the execution and return in evidence, and that the defendants objected to the introduction of such evidence, stating specifically the grounds of their objections, the overruling of the objections and exceptions noted.

There is nothing in the evidence that even tends to show that this did not occur just as recited in the bill.

The vice, if any, is in the proceedings anterior to the preparation of the bill of exceptions.

Another reason why the amendment of this bill of exceptions ought not to be made is the great length of time that elapsed between the making of the bill and the filing of the motion for its correction. The bill was filed January 14th, 1886, and the petition to amend was not filed until March 14th, 1891, a period of over five years from the preparation of the bill. The transcript was filed in this court by the appellant March 2d, 1889, at which time, if not sooner, the appellant was chargeable with notice of this defect, and after that more than two years were permitted to pass before steps were taken to have the correction made.

A bill of exceptions in a litigated case importing, as it does, " absolute verity," should be prepared with scrupulous care, and where papers and documents are given in evidence, without being produced or identified, neither party occupies

a favorable position in court to ask for a *nunc pro tunc* order to supply omissions, or make other corrections. Where, in addition to this a considerable time is permitted to elapse before applying for such order, after notice of the defect, the application should be refused.

The bill of exceptions being incomplete, and the effort to amend the same ineffectual, no question is presented by the record for our consideration, and, therefore, the judgment is affirmed.

Filed Feb. 16, 1892; petition for a rehearing overruled April 20, 1892.