Driver v. Driver.

---

## DRIVER v. DRIVER.

[No. 18,435. Filed June 29, 1899.]

DIVORCE.—*Jurisdiction.—Witnesses.—Qualification.*—Proof that the witnesses called upon to prove plaintiff's residence were resident freeholders and householders of this State is prerequisite to the court's jurisdiction to hear and determine a divorce proceeding. *pp. 88, 89.*

COURTS.—*Jurisdiction.—Divorce.—Witnesses.—Appeal and Error.*— Where the jurisdiction of a circuit court depends upon the finding of certain facts, the exercise of jurisdiction implies the finding of such facts; but such implication cannot stand on appeal in the face of an affirmative showing of all of the evidence upon which the court acted. *p. 89.*

APPEAL AND ERROR.—*Correction of Record.—Bill of Exceptions.— Certiorari.*—The trial court has no power to amend a bill of exceptions after the close of the term of court at which it was made and signed, where there was no memorial, memorandum, entry, or writing of any kind on which to base the correction. *pp. 89, 90.*

DIVORCE.—*Evidence.—Waiver.*—The failure of plaintiff in a divorce proceeding to show that the witnesses called to prove her residence were freeholders and householders of the State was not waived by the action of defendant in proceeding with the trial after she had rested, and not calling the court's attention to the point at once, where the defendant called the court's attention to the same in a motion for a new trial. *pp. 90, 91.*

From the Howard Circuit Court. *Reversed.*

*J. M. Fippen, J. M. Purvis, Frank E. Gavin, Theo. P. Davis* and *James L. Gavin,* for appellant.

*R. B. Beauchamp,* for appellee.

BAKER, J.—Appellee was granted a divorce. The only error assigned on the record as originally filed is the overruling of appellant's motion for a new trial.

The bill of exceptions containing the evidence fails to show that the two witnesses who were called upon to prove

appellee's residence were resident freeholders and house-holders of this State. Proof of the qualification of these witnesses was prerequisite to the court's jurisdiction to determine the cause. Section 1031 R. S. 1881 and Horner 1897, §1043 Burns 1894; *Powell* v. *Powell,* 53 Ind. 513; *Prettyman* v. *Prettyman,* 125 Ind. 149; *Brown* v. *Brown,* 138 Ind. 257. Though it is true that, if the jurisdiction of a circuit court depends upon the finding of certain facts, the exercise of jurisdiction implies the finding of such facts (*Evansville, etc., Co.* v. *Winsor,* 148 Ind. 682, 691), yet such an implication cannot stand on appeal in the face of an affirmative showing of all of the evidence upon which the court acted.

After the original record had been filed, appellee on motion procured a *nunc pro tunc* correction of the bill of exceptions in the trial court. Appellant waived an application for a writ of *certiorari,* and by agreement a supplement to the record was filed embodying the proceedings on the motion to correct. The correction, made after the proceedings had ceased to be *in fieri,* shows that evidence was given that the witnesses called to prove appellee's residence were resident freeholders and householders of the county. The court acted on oral proof alone. There was no memorial, memorandum, entry, or writing of any kind on which to base the correction. Appellant properly reserved and presents the question as to the court's power to make the correction under these circumstances.

The rule is stated in *Morgan* v. *Hays,* 91 Ind. 132: "It is within the power of the circuit and other *nisi prius* courts of the State to amend a bill of exceptions after it has been signed and made a part of the record and after the close of the term at which it was signed, where a proper case for the amendment of a record is made. To make such a case there must be some memorandum, memorial paper, record, or other minute of the transaction to amend by, of a date prior to, or at least of equal date with, the bill of exceptions." This rule has been maintained in this State in an unvarying

line of decisions throughout a long course of years. *Make-peace* v. *Lukens*, 27 Ind. 435; *Hamilton* v. *Burch*, 28 Ind. 233; *Uland* v. *Carter*, 34 Ind. 344; *Miller* v. *Royce*, 60 Ind. 189; *Schoonover* v. *Reed*, 65 Ind. 313; *Kirby* v. *Bowland*, 69 Ind. 290; *Seig* v. *Long*, 72 Ind. 18; *Williams* v. *Henderson*, 90 Ind. 577; *Chisson* v. *Barbour*, 100 Ind. 1; *Johnson* v. *Moore*, 112 Ind. 91; *Kelley* v. *Adams*, 120 Ind. 340; *Harris* v. *Tomlinson*, 130 Ind. 426; *Boyd* v. *Schott*, 152 Ind. 161. The case of *Cluck* v. *State*, 40 Ind. 263, is inapplicable. It decides that this court cannot grant an application to correct the record of the trial court. It does not decide what evidence is required to warrant a trial court's correction of its own record.

The reasons for the rule apply with at least as much force to the correction of bills of exceptions as to the correction of other parts of the record. Orders and judgments are written up by the clerk. Bills of exceptions are usually submitted to adverse counsel before being submitted to the judge for signature, as was done in this case. The judge has power, before signing, to make corrections. Indeed, as is said in *Stewart* v. *Rankin*, 39 Ind. 161, 164, "he should never sign a bill of exceptions, purporting to embody the parol testimony, until such testimony has been written out in full in such bill of exceptions, and he has convinced himself, either by the consent of opposing counsel or a personal examination, that it contains the truth, the whole truth and nothing but the truth." If a party permits the record to be closed, containing a recital that the bill of exceptions contains all of the evidence given in the cause, evidence of a higher character than the mere memory of witnesses should be produced to warrant a *nunc pro tunc* entry incorporating additional evidence in the bill.

Appellee contends that the insufficiency of the evidence was waived by appellant's proceeding with the trial after she rested and not calling the court's attention to the point at once. Appellant's motion for a new trial seasonably called

the court's attention to the matter and afforded opportunity to correct the error.

The effort to correct the bill of exceptions being ineffectual, the judgment is reversed, with instructions to sustain the motion for a new trial.