No. 10,409.

STUART ET AL. *v.* CITY OF LOGANSPORT ET AL.

JUDGMENT.—*Misprision.*—*Correction of Record.*—Where it is shown, in a motion to correct the entry of a judgment of dismissal of an action as to a party thereto, that the order of dismissal was not intended or understood by either party to include a dismissal of the cause of action against such party, the error being a clerical misprision, the entry may be corrected.

From the Cass Circuit Court.

*C. B. Stuart, J. R. Coffroth* and *T. A. Stuart,* for appellants.
*J. C. Nelson,* for appellees.

WOODS, C. J.—At the September term, 1877, of the Cass Circuit Court, the appellants applied for an injunction against the City of Logansport, Edward N. Talbott and others, the members of the common council and the mayor of said city. At the same term of court an entry was made upon the order book showing that the plaintiffs, by leave of the court, dismissed their "action as to all of the defendants except Edward N. Talbott," and that thereupon the court entered a temporary restraining order against said Talbott. The case was continued on the docket for a number of terms, the city of Logansport being all the time designated as defendant in the title of the cause, and, in the meanwhile, rules were entered against, and a demurrer and an answer are shown to have been filed by the *defendants*; and, in the final judgment rendered at the November term, 1879, it was ordered and decreed "that the plaintiffs have perpetual injunction, * * and that the defendant, the City of Logansport, pay and satisfy the costs and charges."

At the April term, 1881, the appellants, upon written motion, to which the city voluntarily appeared, asked the court to correct the entry in respect to the dismissal, so as to have it show that the cause was dismissed except as to the city and said Talbott. The court overruled this motion; the appellants excepted and have brought this appeal.

We have no brief from the appellee, and are unable to see any good reason why the record should not have been cor-

rected as prayed. The evidence heard on the motion is in the record, and, without conflict or doubt, shows that it was not understood or intended by the attorneys on either side of the case, that the action against the city should be or had been dismissed; the attorney for the city, who was also the attorney for Talbott, continued to appear and file pleadings for the city; and the final entry of judgment against the city by name, it seems to us, ought to put at rest all question of the fact, as it removes all legal obstacle to the correction of the record, in that it furnishes the necessary proof of record, that the entry of dismissal as to the city was a clerical *misprision,* and may be corrected as such. See *Conway* v. *Day,* 79 Ind. 318.

Reversed and cause remanded, with instructions.