## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* LAMM.

[No. 8,824. Filed January 7, 1916.]

1. APPEAL.—*Proceedings in Trial Court Pending Appeal.—Application for Nunc Pro Tunc Entry.—Denial of Relief.—Presenting Question for Review.*—Where, after the appeal from a judgment had been perfected and briefs filed, appellant petitioned the trial court for a *nunc pro tunc* entry of the filing of instructions, the relief sought was auxiliary to the cause pending on appeal, and the dismissal of the petition was properly brought before the court on appeal by proceeding by *certiorari* rather than by an independent appeal. p. 411.

2. APPEAL.—*Presenting Questions for Review.—Refusal of Nunc Pro Tunc Entry.*—A motion for a new trial is not requisite in order to have a review of the action of the trial court on an application for an entry *nunc pro tunc*, but exceptions should be properly reserved and the ruling should be assigned as error. p. 411.

3. APPEAL.—*Assignment of Errors.—Amendment.*—Leave to amend the assignment of errors may be granted for the purpose of presenting for review the striking out of a petition for a *nunc pro tunc* entry filed in the trial court after the appeal was perfected and briefs filed. p. 411.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Willis C. Lamm against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals, and asks leave to amend the assignment of errors to present for review the ruling on a motion for a *nunc pro tunc* entry filed subsequent to the perfection of the appeal. *Leave to amend granted.*

*G. E. Ross,* for appellant.

*Cole & Cole,* for appellee.

CALDWELL, J.—This cause is before the court on appellant's petition to make additional assignment of error. The prior history of the proceeding is as follows: The cause was tried below and a verdict rendered in appellee's favor May 7, 1913, being at the April term, 1913, of the trial court. Judgment was rendered on the verdict from which an appeal was taken to this court, which appeal is now pending. At the November term, 1915, of the trial court, being after the transcript on appeal and appellant's and appellee's briefs were filed in this court, appellant petitioned the trial court for an entry *nunc pro tunc* to show that all instructions given and refused were filed and made part of the record in the trial court. The petition recited an entry to the effect that all instructions given and refused were by the trial court ordered filed. On the basis of an entry in the judge's bench docket and a file mark alleged to appear on the instructions, appellant asked as relief that an entry be made *nunc pro tunc*, showing that the instructions were actually filed by order of court. Appellee appeared to the petition in the trial court and resisted the granting of the relief thereby sought, and to that end moved that the petition be dismissed. At a hearing, at which the evidence was exclusively documentary and matter of record, the court sustained appellee's motion to dismiss the petition, and denied the relief thereby sought. Appellant reserved an exception to the action and ruling of the court, and preserved the exception by filing a bill. Thereupon, on appellant's application, this court on November 19, 1915, issued a writ of *certiorari*, directed to the clerk of the trial court commanding him to certify to this court a transcript of the proceedings had on appellant's petition, in return to which writ such a transcript has been filed, and is now before this

court. Appellant now applies to this court for permission to assign additional error to the effect that the trial court erred in refusing to correct the record as prayed and in sustaining appellee's motion to strike out appellant's petition for an entry *nunc pro tunc* to that end.

As indicated, the main action is pending in this court on appeal. The relief which appellant

1. sought through its petition for an entry *nunc pro tunc* was not an end in and of itself, but rather as auxilliary to and for the bearing which it might have in this court, if granted, on the cause pending on appeal. Appellant, therefore, properly caused the proceedings had on its said petition to be brought before this court by proceeding by *certiorari*, rather than by independent appeal. *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N. E. 214; *Aetna Life Ins. Co.* v. *Sellers* (1900), 154 Ind. 374, 56 N. E. 98; *Hamilton* v. *Burch* (1867), 28 Ind. 233, 239; *McMahan* v. *Works* (1880), 72 Ind. 19; *Hannah* v. *Dorrell* (1881), 73 Ind. 465, 471; *Driver* v. *Driver* (1899), 153 Ind. 88, 54 N. E. 389; *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 96 N. E. 32; *Ross* v. *Stockwell* (1897), 17 Ind. App. 77, 46 N. E. 360; Elliott, App. Proc. §207; Ewbanks' Manual (2d ed.) §214b.

In order that the action of the trial court on an application for an entry *nunc pro tunc* may be reviewed, no motion for a new trial is neces-

2. sary. *Harris* v. *Tomlinson, supra*; *Runnels* v. *Kaylor* (1884), 95 Ind. 503; Elliott, App. Proc. §214. However, as an assignment of error is the complaint in an appellate tribunal, it would seem that the complaining party, having properly reserved an exception, should assign

3. error in order that such action may be reviewed. Such is the holding expressly, or by im-

plication, in the following: *Rayle* v. *Indianapolis, etc., R. Co.* (1872), 40 Ind. 347; *Hannah* v. *Dorrell, supra*; *Williams* v. *Henderson* (1883), 90 Ind. 577; *Walker* v. *State* (1885), 102 Ind. 502, 514, 1 N. E. 856. In granting appellant permission to assign additional error as indicated, no opinion is expressed respecting the merits of the question thereby presented. It is therefore ordered that appellant be permitted to assign additional error as prayed, by a writing on or attached to the transcript, and that it be charged with the costs and expenses of making amendments in appellee's brief, if any should be made necessary or expedient in order to meet the situation presented.

NOTE.—Reported in 110 N. E. 997. See, also, under (1) 3 Cyc 149; (2) 3 C. J. 945, 984, 1334; 2 Cyc 732; (3) 3 C. J. 1399; 2 Cyc 1005.