## CHENOWETH v. CHENOWETH.

[No. 9,811. Filed April 6, 1917.]

1. APPEAL.—*Proceeding in Trial During Pendency of Appeal. —Judgment Re-establishing Lost Complaint.—Independent Appeal.*—Where a wife secured a divorce, and the husband, after obtaining a modification of the decree in part, appealed from the remainder of the judgment, and the appeal was dismissed on the motion of the wife, who had previously obtained a judgment in a proceeding under §1291 Burns 1914, §1232 R. S. 1881, re-establishing a lost complaint in the divorce action, and, within three days after such judgment was rendered, the wife filed her petition for a writ of *certiorari* in the husband's appeal requiring that a transcript of such judgment be made a part of the transcript in such appeal, an independent appeal by the husband from the judgment re-establishing the complaint will not lie, since the proceedings to re-establish the complaint were auxiliary to the original cause and any error appearing in such proceedings should have been presented for review in the original appeal. p. 266.

2. APPEAL.—*Independent Appeal.*—*Action to Establish Lost Paper or Record.*—Where the mere correction or re-establishment of a lost paper or record is the ultimate object of an action, §1291 Burns 1914, §1232 R. S. 1881, an independent appeal from the judgment rendered will lie, in the absence of an appeal of the cause to which the proceedings for the re-establishment of the lost paper would be auxiliary. p. 267.

3. APPEAL. — *Assignment of Error.* — *Amendment.* — *Auxiliary Proceedings.*—Where an appeal from a judgment of divorce was pending in the Appellate Court when judgment was rendered for the wife in her proceeding to re-establish an alleged lost complaint, on proper application the husband could have obtained leave to file additional assignment of errors in his appeal from the judgment of divorce and thereby called in review any alleged errors in the proceeding to re-establish the lost complaint. p. 267.

From Marion Superior Court (104,709); *W. W. Thornton,* Judge.

Action by Blanche E. Chenoweth against Daniel A. Chenoweth to establish a lost complaint in an action for divorce between the parties. From a judgment establishing the complaint and making it a part of the record in the divorce suit, the defendant appeals. *Appeal dismissed.*

*Walker & Hollett,* for appellant.

*Charles W. Smith, Charles Remster, Henry H. Hornbrook* and *Albert P. Smith,* for appellee.

BATMAN, J.—The records in this court disclose that on September 15, 1915, appellee obtained a judgment in the Marion Superior Court, divorcing her from appellant, granting her $5,000 alimony and the custody of their child; that on February 14, 1916, the judgment was modified as to the alimony and the custody of such child; that appellant undertook to prosecute an appeal from such judgment, and to that end filed a transcript of the proceedings in said cause in this court on August 10, 1916, which cause was given the number 9,713. On October 21, 1916, appellee filed her motion to dismiss the

appeal, which motion was subsequently—on January 30, 1917—sustained and the appeal dismissed; and thereafter, on March 13, 1917, appellant filed his petition for a rehearing in said cause.

The record in the case now before us, being No. 9,811, discloses that appellee on October 31, 1916, began a proceeding in the Marion Superior Court, under §1291 Burns 1914, §1232 R. S. 1881, to establish an alleged lost complaint in said cause No. 9,713; that thereafter, on November 18, 1916, a judgment was rendered in said proceeding, whereby said alleged lost complaint was re-established and made a part of the record and files in the court below in said cause No. 9,713. From this judgment appellant seeks to prosecute this appeal. It also appears that on November 21, 1916, pending the motion to dismiss the appeal in said cause No. 9,713, and subsequent to the rendition of the judgment in the court below in this case, appellee herein filed her petition in this court for a writ of *certiorari*, requiring the clerk of the trial court to certify to this court a transcript of the judgment rendered in said court correcting and establishing the complaint in said cause No. 9,713, to be made a part of the transcript in said last-named cause.

Appellee has filed her motion to dismiss the appeal in this cause, being No. 9,811, and bases the same on two grounds as follows: First, that such proceedings and judgment were auxiliary to said original cause then pending in this court under No. 9,713, and hence this appeal is auxiliary to the appeal in said cause, and therefore cannot be prosecuted as an independent appeal; secondly, that the appeal in said original cause, No. 9,713, to which this appeal is auxiliary, having been theretofore dismissed, the questions arising on the present appeal are now moot, and therefore under the rules of this court, such appeal ought to be dismissed.

Appellant's contention on the other hand is that such proceedings to establish said alleged lost complaint was an independent action, not auxiliary to any proceeding, and any appeal from the judgment therein must be prosecuted as an independent appeal, and therefore his appeal in this action should not be dismissed.

An inspection of the record in this case discloses that the first ground assigned for the dismissal of the present appeal is well taken. It appears that the relief sought by appellee through this proceeding was not an end in and of itself, but rather as auxiliary to the appeal in said original action, and for the bearing it might have thereon in this court, if granted; that the sole object of this proceeding was to re-establish an alleged lost complaint in the original cause; that the only judgment obtained was one re-establishing the complaint; that such judgment could be of no avail, except in connection with the original action, and hence such proceeding was necessarily auxiliary thereto. This is made the more manifest by the fact that, within three days after the judgment was rendered in the court below, appellee filed her petition for a writ of *certiorari* in the original cause, requiring that a transcript of such judgment be certified to this court and made a part of the transcript therein. Under such circumstances an independent appeal will not lie, but the record disclosing any alleged error in such proceeding must be brought up and made a part of such original appeal, in order to have the action in the trial court therein reviewed. *Tomlinson* v. *Harris* (1892), 130 Ind. 339, 30 N. E. 217; *Aetna Life Ins. Co.* v. *Sellers* (1899), 154 Ind. 374, 56 N. E. 98. While it is true, as suggested by appellant, that said former case was a proceeding to amend a bill of exceptions, and said lat-

ter case was a proceeding to supply an exhibit and correct a bill of exceptions, still the principle involved is the same, and a like rule should govern.

However, we may add that it does not follow from what we have said that under no circumstances can an independent appeal be taken from an action to

2. correct or re-establish a lost paper or record. Where the mere correction or re-establishment of such paper or record is the ultimate object sought, in the absence of any appeal of the cause to which the same belongs, a different question is presented. In such event there would be no appeal to which such proceedings could be auxiliary. In the case of *Tomlinson* v. *Harris, supra*, it is said on page 339: "Where a suit is instituted to correct a bill of exceptions, or other record, not in aid of a pending suit, an appeal will lie as in other actions." It therefore follows that whether an independent appeal will lie in any such proceedings depends upon the attendant facts in each particular case.

In the case at bar judgment was rendered on November 18, 1916. The appeal in the original cause, No. 9713, was pending in this court at that time.

3. This was more than seventy days before the order was entered dismissing such appeal. Ample opportunity was thereby afforded appellant to have had the record in this cause certified to this court, and made a part of the record in that appeal, to which it was auxiliary. On proper application he could have obtained leave to file additional assignment of errors, and thereby called in review any alleged errors of the court below in this proceeding. It has been expressly so held in the case of *Pittsburgh, etc., R. Co.* v. *Lamm* (1905), 60 Ind. App. 409, 110 N. E. 997. Appellant, therefore, was not without his remedy. For the reasons given we conclude there is no authority for the

maintenance of this appeal. Having reached this conclusion, a consideration of appellee's second reason for dismissal is unnecessary. Appeal dismissed.

NOTE.—Reported in 115 N. E. 758.