### Petition of BREEDING et al.

No. 10589—Opinion Filed July 15, 1919.

(Syllabus by the Court.)

1. **Courts — Powers — Records — Nunc Pro Tunc Orders—Criminal and Civil Proceedings.**

The powers of the different courts of this state to amend imperfect records to speak the truth, by orders nunc pro tunc, extends to criminal as well as to civil proceedings.

2. **Same—"Pending"—Criminal Cases.**

A criminal case is "pending" in the sense that the court may correct its records by orders nunc pro tunc at any time until the judgment is fully satisfied.

3. **Courts—Nunc Pro Tunc Orders—Nature of Proceedings—Appeal.**

Applications for nunc pro tunc orders and orders nunc pro tunc are not proceedings separate and distinct from the original actions, but are merely auxiliary to some action ending, and when appealed from, should be appealed as a part of that action.

4. **Criminal Law—Appeal and Error—Refusal to Vacate Nunc Pro Tunc Order—Procedure.**

Where a county court has made an order nunc pro tunc showing that court was opened on a certain day and adjourned to a certain day, and parties who have criminal cases pending desire to attack said order, it may be attacked by filing a motion in each particular case, asking to have said order nunc pro tunc set aside, and if after doing so, and they desire to appeal from the order of the court refusing to set aside said order nunc pro tunc, the appeal must be brought to the appellate court in the original action in which they are interested, and not as a separate and independent proceeding.

5. **Same—Dismissal of Appeal.**

Where an appeal is taken to this court from an order of court overruling such a motion, filed as a separate and independent proceeding, and no one is made a party defendant to said motion, and the same was not filed in any action pending, the appeal will be dismissed.

Owen, C. J., and Harrison and Pitchford, JJ., dissenting.

Appeal from County Court, Nowata County; R. M. Godfrey, Judge.

Petition by John H. Breeding and another to vacate a nunc pro tunc order. Petition was denied, and they appeal. Appeal dismissed.

Kathryn Van Leuven and Bert Van Leuven, for appellants.

McNEILL, J. This proceeding had its origin in the county court of Nowata county by the county attorney making an application for a nunc pro tunc order to make the records affirmatively show that the county court was opened on the 1st day of July, 1918, and adjourned until the 4th day of September, 1918. The application was filed on the 9th day of April, 1919, and on the same day the court made an order nunc pro tunc to supply the records in the county court, and to have the records show that the court had opened on the 1st day of July, 1918, and adjourned until the 4th day of September, 1918. It appears from the record that Frank Souva and John H. Breeding each had had criminal cases pending against them in the county court of Nowata county at the time, and each was convicted during the month of September, 1918, and sentenced to serve a certain time in the county jail and to pay a fine.

From said judgment they gave notice of appeal, but the appeals were never perfected. A commitment was issued in their respective cases March 25, 1919, and they were incarcerated to serve their sentence. While

incarcerated they instituted habeas corpus proceedings, and the writs were denied. They allege the court denied their writ of habeas corpus for the reason that pending the habeas corpus proceedings the order nunc pro tunc had been entered.

On the 10th day of April, 1919, they filed a motion or proceeding in the county court entitled "In the Matter of the Nunc Pro Tunc Entered on April 9, 1919, as to Convention of July, 1918, Term of Said Court." In said motion or petition they set out the proceedings as above related and ask to have the nunc pro tunc order set aside. The county court heard evidence on said motion and refused to set aside said order. The plaintiffs filed their case-made here, and made the same a basis for an application for writ of habeas corpus, and application for writ of prohibition, and as an appeal from the order of the county court refusing to set aside the order nunc pro tunc. The application for writ of habeas corpus having been denied by the court, and the court having refused to issue alternative writ of prohibition, the case is now before the court upon the proceedings as an appeal.

As to the kind and character of proceedings that were attempted in the county court we are unable to say. This appears to be a motion or petition filed in the court, not in any particular case, but a motion entitled as above to set aside an order nunc pro tunc and filed as an independent action. The county court has jurisdiction of probate matters and certain civil and criminal cases. Section 1820, Rev. Laws 1910, provides for appeals in probate cases. Section 1819 provides for appeals from judgments of the county court in civil and criminal cases. This proceeding does not attempt to be either a civil or a criminal case, or a probate proceeding, and therefore does not come within any of said provisions of the statutes.

If we look to the proceeding appealed, the first question to determine is: Have the courts of this state power and authority to enter an order nunc pro tunc to correct the records in a criminal case? This question has been decided in the affirmative in the case of Ex parte Howland, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840, where the court, speaking through Owen, J., stated as follows:

"Where a defendant is tried, convicted, and sentenced to imprisonment, but by error of the clerk the judgment is not entered on the records of the court, the error may be corrected at any time by an order nunc pro tunc."

The court also in that case settled the question of when a criminal case is pending, and stated as follows:

"A criminal case is 'pending' in the sense that a court may correct its records until the judgment is fully satisfied."

So, under the rule adopted in that case, if the defendants had not fully satisfied their judgment, their respective cases were still "pending" at the time of making the order nunc pro tunc in the county court.

It is also well settled that an appeal will lie from an order of court entering a nunc pro tunc order.

The rule appears equally well settled that an appeal from an order nunc pro tunc is an auxiliary proceeding to some action pending. In the case of Harris v. Tomlinson, 130 Ind. 429, 30 N. E. 215, the court stated as follows:

"Proceedings to amend bills of exceptions, like other applications for nunc pro tunc orders, are not actions separate and distinct from the original action, but are merely auxiliary thereto, and should, where an appeal in the main action is pending, be brought up on appeal as a part of that action, and not as an original case."

Cases holding to the same effect are as follows: Chenoweth v. Chenoweth (Ind. App.) 115 N. E. 758; Pittsburgh, C., C. & St. L. Co. v. Lamm, 60 Ind. App. 409, 110 N. E. 997; Walker v. State, 102 Ind. 502, 1 N. E. 856; Smith v. State, 71 Ind. 250.

It was also held in the case of Tomlinson v. Harris, 130 Ind. 339, 30 N. E. 217, the court stating:

"Where a suit is instituted to correct a bill of exceptions or other record, not in and of a pending suit, an appeal will lie as in other actions."

But in the instant case the defendants each have a suit pending. The only case that we have been able to find, and none has been called to our attention, where a separate suit was instituted, is the case of Runnels v. Kaylor, 95 Ind. 503, and in that case it was held that the order nunc pro tunc was merely a summary or auxiliary proceeding, and the court further held, if it was made in an independent action, it must be made in behalf of one of the parties to the suit, and all the other parties to the suit must be made parties to said proceeding. By applying the same rule, if the petitioners desire to institute a separate and distinct action, it would be necessary to do so by making some one a party defendant. This they have not done. The petitioners have not filed this motion in their own case asking to have the order nunc pro tunc set aside.

While it might be argued that the nunc pro tunc order was not filed in their respective cases, but was a general order correcting the records of the court showing that court had been opened and adjourned, it might also be said that the order calling a grand jury is not filed in any particular case, but is a part of the records of the court. If a person is interested in a proceeding pending in court, and he desires to attack the validity of the order calling the grand jury, he will do so by filing a motion in his case asking to have the same quashed or set aside, or set forth what relief he desired. If the court refuses to do this, this matter may be reviewed, but it would be reviewed in his case. He could not attack such an order of the court by filing a special proceeding or motion, not in any case, but as an independent action.

The rule, we think, is well established that the entering of an order nunc pro tunc and appealing from the same is an auxiliary proceeding to some case pending, and when the court entered an order nunc pro tunc in the case at bar, the proceeding therein became an auxiliary proceeding to the cases pending against each of the defendants in their cases. If they desire to set aside said order, questioning the validity of the same, they must do so by filing some motion or proceeding in their respective cases, and if upon a hearing they desire to appeal from the order of the court, it would be necessary for an appeal to be brought up in their respective cases. We know of no proceeding of this kind or character that has ever been sustained, and we know of no authority for attacking the order nunc pro tunc in this way or manner. There is no such a proceeding provided by statute.

For the reasons stated, the appeal is dismissed.

KANE, SHARP, JOHNSON, and HIGGINS, JJ., concur.

OWEN, C. J., and HARRISON and PITCHFORD, JJ., dissent.