## CANNON v. OKLAHOMA ENGRAVING & PRINTING CO. et al.

No. 16863—Opinion Filed Sept. 14, 1926.

Master and Servant—Workmen's Compensation—After Award Becomes Final a Nunc Pro Tunc Order Changing Respondents not Allowable.

In a proceeding for compensation before the Industrial Commission, and after an award has become final, claimant is not entitled to a nunc pro tunc order changing the respondent in the claim and order for compensation from a corporate entity to individuals, notwithstanding the corporate respondent had been long defunct at the time of filing original claim.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original proceeding commenced in this court to review an order of the Industrial Commission made and entered October 1, 1925. Order sustained.

It appears from an examination of the transcript certified to this court by the Industrial Commission, that on June 12, 1924, pursuant to a claim for compensation and a hearing held thereon, the Industrial Commission entered an award in favor of Lillian Cannon, as claimant, against the Oklahoma Engraving & Printing Company, a respondent. No proceeding for review was prosecuted from this order, and the same became final. Thereafter, on September 26, 1924, on motion of claimant, the Industrial Commission certified a copy of its order of June 12, 1924, and the same was duly filed in the office of the court clerk of Oklahoma county. Execution was issued thereon from the court clerk's office, and said execution was returned nulla bona. Thereafter the claimant filed an application with

the Industrial Commission denominated "Motion for proceedings in aid of execution." Upon a hearing had upon this application July 16, 1925, the testimony and record evidence disclosed that the Oklahoma Engraving & Printing Company had ceased to exist as a corporation long prior to the injury complained of, and that at the date of such injury John N. Cooke was operating said business under the trade name of Oklahoma Engraving & Printing Company; that John N. Cooke was the employer of claimant prior to and at the time of the injury complained of. This proof, of course, was available, and could have been made on the original hearing, but claimant was apparently satisfied to prosecute the proceedings against the Oklahoma Engraving & Printing Company. After the hearing of July 16, 1925, claimant filed a motion asking the Industrial Commission to amend its award of June 12, 1924, by nunc pro tunc entry, so as to make said award against John N. Cooke, Juliet G. Cooke, and Edward H. Cooke, instead of against the Oklahoma Engraving & Printing Company. On October 1, 1925, the Industrial Commission denied the motion for a nunc pro tunc entry of award as prayed for in said motion, and it is to review this order of the Industrial Commission that the present proceeding has been commenced.

Gustave Erixon, for plaintiff in error.

George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendants in error.

Opinion by LOGSDON, C. The sole question presented by this proceeding is whether the Industrial Commission was legally authorized to enter an award on October 1, 1925, against John N. Cooke, Juliet G. Cooke, and Edward H. Cooke, either or all of them, upon the testimony taken July 16, 1925, as a nunc pro tunc order to correct alleged errors in the entry of the original award of June 12, 1924.

It is elementary that nunc pro tunc orders can only be entered for the purpose of correcting errors or misprisions in previous orders or judgments based on proceedings theretofore had. Courtney v. Barnett, 65 Okla. 189, 166 Pac. 207; Jones v. Gallagher, 64 Okla. 41, 166 Pac. 204; Bristow v. Carrigar, 37 Okla. 736, 132 Pac. 1108; In re Petition of Breeding, 75 Okla. 169, 182 Pac. 899.

It is clear from the statement of the proceedings had in this matter before the Industrial Commission, that when the award

of June 12, 1924, was entered, it was entered upon the evidence then before the Industrial Commission, and that said award was based upon that evidence and correctly stated and reflected the findings of fact and conclusions of law made and reached by the Industrial Commission after a full hearing on claimant's application for compensation. No proceedings were taken to review that award in this court. The respondent in that proceeding did file a petition for rehearing before the Industrial Commission, but rehearing was denied and the award became final. Claimant was satisfied with the award made, and only became dissatisfied when an execution was returned nulla bona, and it was ascertained that the claim for compensation had been prosecuted against a defunct corporation.

What the claimant's remedy may be under the situation here presented, if she has any, is not before this court for determination in this proceeding. It is clearly evident that, as a matter of law, the order of the Industrial Commission denying the motion for an award of compensation by a nunc pro tunc order against individuals who were strangers to the original proceedings and to the original award, is correct. In the case of Marker, Adm'r, v. Gillam, 80 Okla. 259, 196 Pac. 126, this court quotes with approval from the case of Perkins v. Hayward (Ind.) 31 N. E. 670, the following language, which states succinctly the extent and limits within which a court is authorized to enter nunc pro tunc orders:

"A nunc pro tunc entry in practice is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

This language unquestionably correctly states the uses and purposes of a nunc pro tunc order. No such situation is presented by the record in the instant proceeding, but on the contrary it is sought by a nunc pro tunc entry to have an award made against persons who were not in contemplation of the claimant, or of the tribunal passing upon her claim at the time of the original award. This may not be done.

For the reasons herein stated, and upon the authorities herein cited and quoted from, the order of the Industrial Commission of October 1, 1925, denying the motion of claimant for an award nunc pro tunc

against strangers to the original record, is in all things sustained.

By the Court: It is so ordered.

Note.—See under (1) C. J. p. 117, § 115.