CRAWFORD v. BEATRICE.

[No. 18,118. Filed January 18, 1952.]

*Frank C. Massey,* of Muncie, for appellant.

*Keith Fraser,* Prosecuting Attorney, 58th Judicial Circuit, of Portland, for appellee.

CRUMPACKER, J.—The appellee instituted these proceedings under the provisions of Burns' 1946 Replacement, §3-623, et seq., to establish the paternity of a child with which she was then pregnant. Her petition is short and reads as follows:

> "The plaintiff, Lora Mae Beatrice, suing by her next friend, Milton Louck, complains of the defendant, Loyd Crawford, and alleges that the plain-

tiff is a minor, under the age of twenty-one years, and avers:

"1. That defendant is also under the full age of twenty-one years.

"2. The plaintiff and defendant reside in Jay County, State of Indiana.

"3. That plaintiff is pregnant with child of the defendant, and that said embryonic child will be born on or about the first part of the month of May, 1950.

"4. That plaintiff is not now married nor was plaintiff married at the time that said embryonic child was begotten.

"WHEREFORE, . . . ."

The appellant joined issue on the facts alleged in rhetorical paragraphs 3 and 4 and the case was submitted to the court for trial which found "for the plaintiff that the allegations of her complaint are true and that the defendant is the father of her child born April 21, 1949." By nunc pro tunc order the court later changed the date of the child's birth, as shown in the decree, to April 21, 1950, and such proceedings were brought into the record through a writ of certiorari issued by us. The appellant questions the power of the trial court to alter its findings and decree after it had lost jurisdiction through the appeal of the case to this court. The date of the child's birth, as shown in the orderbook before the change, is so palpably a mere inadvertence when the entire record is considered, that we will read the correct date, concerning which there is no dispute, into the order in the first instance.

The appellant next complains that the court, by finding that the allegations of the appellee's complaint are true, in legal effect found that the appellee was not married at the time the child in question was begotten. That the undisputed evidence shows

that she was married and the contrary finding of the court thus deprives him of the protection of the powerful presumption concerning paternity that attends the conception of a child by a married woman. It is true beyond conjecture, that at the time the child was begotten the appellee was a married woman. At the trial of the case no one contended otherwise and the undisputed evidence establishes her coverture at that time. However, an examination of the record convinces us that the variance did not mislead the appellant in any respect and as the appellee's petition could have been amended below to conform to the proof we will deem it so amended. Burns' 1946 Replacement, §2-1063.

The evidence most favorable to the appellee supports the following facts: At one time the appellee was married to one Charles Beatrice. They separated in December, 1948, and the appellee filed suit for divorce which was granted on September 9, 1949. After their separation they had no sexual relations with one another. The appellee became acquainted with the appellant early in June, 1949, and thereafter they went together quite steadily. She first had sexual intercourse with the appellant about July 1, 1949, and thereafter such act occurred as often as once a week throughout the following summer and fall. The appellee became pregnant in the forepart of August, 1949. She was divorced from her husband on September 9, 1949, and her child was born April 21, 1950, some seven months after the divorce. For a time during the summer of 1949 the appellee's husband, Charles Beatrice, worked for her grandfather in Redkey, Indiana, and while so employed he boarded and roomed in the grandfather's home. On one occasion the appellee stayed overnight at her grandfather's house when Beatrice was there. It also appears that for a time after their separation and divorce Beatrice lived with his parents near the

village of Dunkirk and on several occasions the appellee took a child she had had by him to his parents' home for short visits during which she was in the company of Beatrice. These visits occurred in the daytime and were always in the presence of others. On another occasion she walked into the village with Beatrice in the early evening.

The appellant contends that this evidence shows conclusively that at the time the child in controversy was begotten the appellee was a married woman to whom her husband had access at the time of conception and therefore the presumption that the husband is the child's father cannot be rebutted. We recognize the rule which confers legitimacy upon children born in wedlock when access of the husband at the time of conception, was not impossible and that there is a powerful presumption that a child so born is the child of the husband. We consider this a most salutary rule and one that should be relaxed only under the most compelling circumstances. *Phillips* v. *State, ex rel.* (1925), 82 Ind. App. 356, 145 N. E. 895, and cases cited. As far as we have been able to learn, however, this rule has never been applied in Indiana to a situation such as we have before us.

The child, whose paternity these proceedings seek to determine, was born after the divorce of the mother and her husband and was begotten after the divorce proceedings were commenced and while the parties were separated and living apart. The divorce proceedings were prosecuted with apparent good faith to a conclusion wherein it was adjudicated that the parties had not cohabited—a term that includes sexual intercourse—from the date of their separation in December, 1948, to the date of the divorce on September 9, 1949. Both the wife and her paramour frankly admitted frequent acts of intimacy during the

summer of 1949 and according to the evidence most favorable to the court's decision these occurred over a period during which the child, in the course of nature, must have been begotten. The evidence discloses no such contact between the wife and her husband as would, in view of the wife's good faith desire for a divorce which she was then seeking through appropriate court action, warrant an inference that they indulged in sexual intercourse. Under these circumstances we believe that the legal presumption of legitimacy should yield to clear, convincing and undisputed proof that the last act of sexual intercourse between the husband and wife had occurred long before the child must have been begotten as determined by the date of its birth. This view is supported by the decisions in *Gower* v. *The State* (1927), 155 Tenn. 138, 290 S. W. 978, and *State* v. *Soyka* (1930), 181 Minn. 533, 233 N. W. 300.

Judgment affirmed.

Wiltrout, P. J., concurs with opinion.

## CONCURRING OPINION

WILTROUT, P. J.—I concur in the result reached by the majority opinion and in the reasons assigned therefor. As an additional reason for affirming the judgment, I desire to point out that appellant has not presented any question concerning the propriety of the *nunc pro tunc* entry. Any error in the auxiliary proceedings to correct the trial court's record in aid of an appeal must be challenged by an additional assignment of errors, and this was not done. *Adler and Others* v. *Sewell and Others* (1868), 29 Ind. 598; *Hannah et ux.* v. *Dorrell* (1881), 73 Ind. 465; *Williams et al.* v. *Henderson* (1883), 90 Ind. 577; *Walker* v. *The State* (1885), 102 Ind. 502, 1 N. E. 856; *Ferris* v. *State* (1901), 156 Ind. 224, 59 N. E. 475; *Pittsburgh, etc., R. Co.* v. *Lamm*

(1916), 60 Ind. App. 409, 110 N. E. 997; *Ehrman* v. *Miller* (1935), 100 Ind. App. 123, 191 N. E. 184; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836.

NOTE.—Reported in 102 N. E. 2d 915.