PROFITT *v.* PROFITT.

[No. 20,195. Filed March 4, 1965.]

*Ralph N. May* and *Albert W. Eubank,* of Indianapolis, for appellant.

*Howard L. Eads,* of Indianapolis, for appellee.

CARSON, J.—Appellant, Marlin Proffit, brought this action against the appellee, Janice Maxine Profitt, for divorce charging cruel and inhuman treatment. The appellee filed a cross complaint for divorce charging cruel and inhuman treatment and praying for an absolute divorce, custody of two minor children, support for said minor children and a settlement of property rights.

The court entered its decree granting an absolute divorce to the appellee, granting custody and support for said minor children to said appellee and settling the property rights of the parties.

The granting of the divorce is unquestioned on this appeal, the only question presented concerns the judgment decreeing appellant liable for the support of the two minor children born to the defendant and cross-complainant, prior to the marriage of the parties in this action.

The issues were formed by the complaint and the cross complaint for divorce. The specific issue of concern was the allegation in the complaint that there: " . . . were no children born as a result of this union," while the cross complaint alleges that there were: " . . . two children born to the parties". The plaintiff filed a motion to dismiss the petition for support which was overruled and a support order *pendente lite* was entered. Plaintiff and cross-defendant filed answer in

abatement and the defendant and cross-complainant filed reply and a petition for citation for contempt.

The appellant filed a motion for new trial alleging seven causes which motion was overruled and from which ruling this appeal is taken. The appellant assigns as error:

1. That the trial court erred in overruling the appellant's motion for new trial.

2. That the trial court had no jurisdiction to hear and determine the paternity of children in an action for divorce.

The cause was heard without a court reporter, the same being waived by the parties, and therefore no record of the actual proceedings during trial is before this Court.

There is but one question before this Tribunal, that of the jurisdiction of the Marion Superior Court to enter a decree for support of the two minor children of defendant-appellee if indeed there was a question presented as to the paternity of the two minor children.

The pertinent portion of the court's decree entered on January 1, 1964, is as follows:

"That there were born as a *result of this marriage* two (2) children and that defendant is a fit and proper person to have the custody of these children, namely Dale Marlin *Profitt* and Dulce *Profitt* and the sum of $20.00 per week is a reasonable amount for the support of such children." (Our emphasis)

The facts as determined by the pleadings are, concisely stated, as follows: Plaintiff and defendant were married on September 26, 1959 and lived and cohabited together until the latter part of August, 1962. That (as stated in defendant's reply to plaintiff's plea in abatement) Dale Marlin *Lee* was born May 12, 1957 and Dulce Bell *Lee* was born July 30, 1958. In the Judge's

Certificate it is stated that the lower court had before it and examined, while this cause was under advisement, a complaint for divorce in a certain divorce action entitled Janice H. Lee v. Robert Eugene Lee which action was filed October 28, 1958 by Janice H. Lee the same party as defendant in this action.

Support awards in a divorce are governed in Indiana by §3-1219, Burns' 1946 Replacement, 1964 Supplement which reads in part as follows:

"The Court in decreeing a divorce shall make provision for the guardianship, custody, support and education of the minor children *of such marriage* ..." (Our emphasis)

Appellee contends that the controlling law in Indiana is such that when the parents of illegitimate children marry, the children become for all purposes legitimate. We agree with this statement of the law, but we fail to see a connection between appellee's authorities and the case at bar. The children here involved were born during a previous marriage and as such there is a presumption as to their legitimacy. *Duke* v. *Duke* (1962), 134 Ind. App. 172, 185 N. E. 2d 478; *Crawford* v. *Beatrice* (1951), 122 Ind. App. 98, 102 N. E. 2d 915. Appellee appears to assume the fact in issue in his further argument when he contends that this is a simple case of "a man who married the mother of his children." Indeed, the issue raised by the proceedings is whether this man is the father of the children involved. Where the presumption exists that children born of a valid marriage are legitimate they cannot be presumed to be born of one other than a party to that marriage or out of wedlock unless such has been determined in a court having jurisdiction over such matters. (i.e. The Juvenile court in this instance.) Were the argument of appellee allowed to stand any woman

having children by a prior marriage and bringing a di-. vorce proceeding against a subsequent husband, who had not adopted such children or acknowledged them as his own, could nevertheless be declared liable for the children's support on the testimony of the mother alone in a divorce action. This would be in direct contravention of controlling statutes. Such we feel was not the intent of the legislature.

Section 9-3103, Burns' 1956 Replacement sets forth the jurisdictional standard for the determination of paternity. In counties larger than 250,000, original and exclusive jurisdiction is vested in the Juvenile Court. As such it is evident that when a real question of paternity is raised in an action for divorce, where the facts are such as those presented in this case, it is without the jurisdiction of the Superior Court to enter a decree such as was here entered. It is difficult for this Court to understand how the lower court determined that two children born in 1957, and 1958, respectively, during the existence of a prior valid marriage, were born as a result of a marriage not entered into until September 26, 1959. Nor can this Court determine from the record before it that the names of the children were "Profitt" as they are so declared to be in the lower court's decree. The appellee herself in her pleadings, refers to the children as Dale Marlin Lee and Dulce Bell Lee, this does not appear to be an instance where §35-2125 and §35-2126 Burns' 1949 Replacement would apply, therefore giving the children the surname of the appellant, as these statutes apply to a child born out of wedlock.

It is the opinion of this Court that the trial court was without jurisdiction to enter the support order against the appellant for the support of the minor children of the appellee and further that the order of the court renaming the children of

the appellee exceeded the issues raised by the pleadings, and so much of the finding and judgment as effects the above matters is reversed.

Faulconer, C. J., Martin and Prime, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 660.